## Nehemiah M. Bennett v. Henry V. Libhart.

*Identity of person: Family name: Initials: Presumption.* It will not be assumed as a legal presumption that where the family name and initials are the same, there is identity of person; and therefore Henry V. Libhart is not entitled to recover in an action upon a judgment in favor of H. V. Libhart, without any proof of his identity with the plaintiff in such judgment, and in the absence of any averment in his declaration that he was known by the latter' name, or that the judgment was rendered in his favor by that name.

*Evidence.* The fact that the judgment was received in evidence by consent, does not preclude the defendant from raising this point; for proof of the judgment was only one of the steps necessary to make out a case, and should have been followed up by proof of identity of parties.

*Heard July 15. Decided July 22.*

Error to Ionia Circuit.

*John S. Bennett,* for plaintiff in error.

*John Toan,* for defendant in error.

COOLEY, J.

Libhart sued Bennett before a justice of the peace, and declared on a judgment rendered in his favor before another justice of the peace. Bennett pleaded the general issue. When the cause came on for trial, Libhart produced the docket containing the entry of the judgment on which he claimed to recover, and it was received in evidence by consent. The judgment, however, purported to be in favor of H. V. Libhart, and there was no averment in the declaration that the plaintiff was known by that name, or that such judgment was rendered in favor of the plaintiff by that name, nor was any evidence given of the identity of the plaintiff with the party in whose favor the judgment was rendered. The justice nevertheless gave judgment in his favor, which has been affirmed in the circuit court.

Had Libhart sued upon a note or other written contract made payable to H. V. Libhart, the possession of the writing by him would have been some evidence that he was

27 MICH.—62.

the party mentioned therein.    But there is no room for a similar presumption in the case of the record of a judgment, upon which one man can bring suit with the same facility as another, if he will make the averment of identity with the party plaintiff.    We have, therefore, nothing in this case to support the judgment, unless we are at liberty to assume, as a legal presumption, that where the family name and initials are the same, there is identity of person.    This is going farther than we think is admissible.

It is suggested that the fact that the judgment was received in evidence by consent, should preclude the defendant from disputing the right to a recovery upon it; but this is clearly not so.    Proof of the judgment was only one of the steps necessary in making out a case; it should have been followed by the further proof that the plaintiff was in fact the party to the first suit.

We regret the necessity of deciding a case on such a ground, but cannot avoid it if the plaintiff fails to make out so obvious a point in his case.

The judgment must be reversed, with costs of all the courts.

The other Justices concurred.