## BARTLEY CAMPBELL v. FRANK K. WALLACE.

*Justices' courts—Certified transcript—Identity of defendant.* ·

A properly certified transcript of a justice's judgment rendered in another State on personal service and appearance, is sufficient evidence of the justice's jurisdiction. Comp. Laws § 5933.

The identity of a person sued on a transcript of a foreign judgment may be presumed if his full name is identical with that of the party against whom it was recovered.

Error to Wayne. Submitted June 16. Decided June 22.

Certiorari to a justice to bring up proceedings in a suit upon a transcript of judgment. Defendant brings error. Affirmed.

*Charles E. Miller* for plaintiff in error. Where former conviction is to be proved the identity of the convict must be shown: *McCarthy's Case* 42 Mich. 71; the courts of Michigan have no judicial knowledge of the statute law of Illinois: *Thomas v. Robinson* 3 Wend. 267; a judgment of another court cannot be treated as valid unless it appears that the court had jurisdiction: *McEwan v. Zimmer* 38 Mich. 765; delegated powers cannot be made a basis for a judgment until it appears that they were delegated actually: *Hebert v. Bulte* 42 Mich. 491; *Goodrich v. Burdick* 26 Mich. 39.

*Douglass & Bowen* for defendant in error.

COOLEY, J. The assignments of error in this case are frivolous. The suit was brought upon a judgment rendered by a justice of the peace in the State of Illinois, and the transcript showed personal service and a personal appearance. The objections to a recovery upon the judgment there rendered are—*First*, that no proof is given of the identity of the party now sued with the party sued in Illinois; and *second*, that the laws of Illinois are not put in

evidence to show that the justice in that State had jurisdiction of the case. The first finds no support in *Bennett v. Libhart* 27 Mich. 489, to which our attention was called, for the name of the party sued here was identical with that of the party against whom the judgment was recovered, which was not the case there. The second is answered by the statute, Comp. L. § 5933, which makes the transcript properly certified sufficient evidence. No defect was pointed out in the certificates here.

The judgment must be affirmed with costs.

The other Justices concurred.