[Civil No. 327.   Filed November 10, 1892.]

[31 Pac. 517.]

## T. J. BRYAN, Plaintiff and Appellant, v. M. W. KALES, Defendant and Appellee.

1. PARTIES—MUST BE ADVERSARY PARTIES—CANNOT SUE SELF IN REPRESENTATIVE CAPACITY.—Adversary parties are essential in every cause. One may not sue himself. Neither may he sue himself in a representative capacity.

2. JUDGMENTS—COURTS OF RECORD—IMPORT VERITY—OMISSIONS—PRESUMPTION AS TO JURISDICTION.—A domestic judgment of a court of record, unless directly impeached, imports absolute verity as to every jurisdictional fact of which the record speaks, and is clothed

in the conclusive presumption that every jurisdictional fact exists of which the record may be silent.

3. SAME—COLLATERAL ATTACK—PRESUMPTIONS—IDENTITY OF PERSONS CANNOT BE PRESUMED FROM IDENTITY OF NAMES.—Where the judgment of a court of record that one M. W. Kales sued M. W. Kales, administrator, there is no presumption from the identity of names that there is identity of person, and such judgment is not open to collateral attack, it being on its face regularly entered in a cause of which the court had jurisdiction of the subject-matter, and presumptively of the parties.

4. EJECTMENT—MORTGAGEE IN POSSESSION—PAYMENT OF DEBT CONDITION OF RECOVERY.—Facts held to exist which constitute defendant a mortgagee in possession and that, so long as the mortgage debt remained unpaid, he could not be dispossessed.

GOODING, C. J., concurs on this ground alone.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. Joseph H. Kibbey, Judge. Affirmed.

The facts are stated in the opinion.

Goodrich & Street, for Appellant.[1]

Baker & Campbell, and Clark Churchill, for Appellee.[1]

SLOAN, J.—This is a suit in ejectment brought by appellant in the district court of Maricopa County against appellee for the possession of the southeast $\frac{1}{4}$ of section 2, township 1 north, range 3 east, Gila and Salt River meridian. There was a trial, and a judgment for appellee. From this judgment appellant brings his appeal. A brief summary of the facts proven will give an understanding of the questions presented by this appeal. It appears that on the twenty-eighth day of August, 1883, one Jonathan M. Bryan died intestate, leaving Vina Bryan his widow and sole heir; that on the twenty-fourth day of September, 1883, one M. W. Kales was appointed administrator of the estate of said deceased Bryan. It further appears that on the sixteenth day of October, 1883, in the district court of Maricopa County, in the suit of M. W. Kales vs. M. W. Kales, Administrator of the Estate of Jonathan M. Bryan, Deceased, and Vina Bryan, Defendant, a

_____
[1] For briefs, see Bryan v. Pinney, ante, pp. 413-418.

judgment and decree foreclosing a mortgage of said premises, and ordering a sale of the same, was duly entered of record, The record of this judgment discloses that said mortgage was given to secure a certain promissory note executed by said deceased in favor of M. W. Kales for the sum of $5,300.82; that said Vina Bryan, as the wife of said deceased, Bryan, joined in the execution of said mortgage. The record further disclosed that said Vina Bryan appeared in said case and filed an answer to the complaint in substance denying any individual indebtedness on her part, and disclaiming any right, title, or interest in the premises covered by the mortgage as in any way conflicting with the mortgage set forth in the complaint, and praying to be dismissed from said action. Thereupon judgment was entered in favor of said M. W. Kales against M. W. Kales, administrator as aforesaid, for the amount due on said note, and a decree entered for the sale of said mortgaged premises. It further appears that on the eleventh day of November, 1883, the said premises were sold by the sheriff to satisfy said mortgage, and that at said sale M. W. Kales became the purchaser thereof, paying the full market value of the land at the time and receiving a certificate of sale; that six months thereafter, there having been no redemption, the sheriff executed a deed to the same in the name of M. W. Kales as the grantee; that thereafter Kales went into possession of said premises, and has remained in possession ever since, paying taxes and making valuable and lasting improvements thereon. It further appears that said Vina Brown, the widow and sole heir of said Jonathan M. Bryan, deceased, by quitclaim deed dated 29th of June, 1887, conveyed such interest as she then had to appellant, T. J. Bryan, who thereupon brought this suit. The principal contention upon this appeal relates to the correctness of the ruling of the court upon the trial, permitting the introduction of the sheriff's deed and the judgment of foreclosure under which it was made, as evidence of title in the appellee; the appellant contending that the judgment was void upon the face of the record, and thus collaterally open to attack, for the reason that it showed that M. W. Kales, plaintiff, and M. W. Kales, defendant, were one and the same person. I am of the opinion that if upon the face of the record in the suit

of *Kales* v. *Kales, Admr.*, it appeared that M. W. Kales, plaintiff, was the same person as M. W. Kales, administrator, the judgment entered in said cause must be treated as utterly void, and no evidence of title in the purchaser under the foreclosure sale of the mortgaged premises made under it. That adversary parties are essential in every cause is fundamental. One may not sue himself any more than he may contract with himself. Neither may one sue himself in a representative capacity, for after all there is but one person before the court as plaintiff and defendant, and no refinement of reason can, without violence to common sense, and manifest absurdity, make it appear otherwise. The authorities, so far as I have investigated, are unanimous that no suit can be maintained by an individual against himself as an administrator of an estate. It is not the case of a trustee dealing with himself, which is sometimes permitted, but the altogether different question of a want of jurisdiction in the court to render a judgment without adversary parties before it.

It is settled doctrine that a domestic judgment of a court of record, unless directly impeached, imports absolute verity as to every jurisdictional fact of which the record speaks, and is clothed in the conclusive presumption that every jurisdictional fact exists of which the record may be silent. It is essential, therefore, to determine whether the record in the foreclosure suit of *Kales* v. *Kales, Admr.*, disclosed the fact that M. W. Kales, the mortgagee and plaintiff, was the same person as M. W. Kales, administrator and defendant, in said suit. It is strongly urged by the counsel for the appellant that this fact does appear upon the face of the record of that cause, inasmuch as it should be presumed alone from the similarity of names, applying the rule of evidence that identity of names is *prima facie* evidence of identity of person. An examination of authorities will show that this rule of evidence is not one of universal application; that it grew out of the general presumption in favor of the validity of contracts, the regularity of land titles, and the integrity of records; that, wherever its effect would be to negative these general presumptions, the reason of the rule ceasing to exist, the rule itself becomes inoperative; that hence it can have no application to a case like the one at bar, if, indeed, it applies at all to a

judgment of a court of record, where the effect of its application would be to impeach and destroy its effect as a valid and binding estoppel of record.

In the case of *Wilson* v. *Benedict,* 90 Mo. 209, 2 S. W. 283, the court held that where a petition recited that one James B. Melone was a member of the plaintiff firm, and that one James B. Melone was a member of the defendant firm, it was not to be assumed upon demurrer from that fact alone that they were the same person. The court in that case used this language. "The rule that from identity of name identity of person may be assumed has no application in this case, and cannot be extended so far as to uphold as an inference that, where a plaintiff sues a defendant having the same name as that of plaintiff, both persons were one and the same person." In *Prescott* v. *Tufts,* 7 Mass. 209, where the record disclosed that one James Prescott was the plaintiff and that the Hon. James Prescott was the judge before whom the case was tried, it was held that it will not be presumed from the identity of name that the two were the same person. In *Dorente* v. *Sullivan,* 7 Cal. 279, it was held that it was not to be presumed that an affidavit of service of summons was made before a party to the action, from the mere fact that the name of the plaintiff and the name of the justice of the peace before whom it was made were identical. In *Stevenson* v. *Murray,* 87 Ala. 442, 6 South. 301, it appeared that one Hugh Stevenson was an administrator of an estate. Under the statute of that state, which required in proceedings for the sale of lands belonging to a decedent's estate that the necessity for such sale be made to appear to the satisfaction of the court by the testimony of two disinterested witnesses, said administrator filed his petition for the sale of land belonging to the estate. The record of the proceedings showed that at the hearing of the petition the necessity for such sale was made to appear to the satisfaction of the court "by the oaths of Hugh Stevenson and August Lorenzen, disinterested witnesses." The court held, in an action to set aside an order for sale entered at the hearing of said petition, that it would not be presumed that the Hugh Stevenson who filed a petition as administrator was the same Hugh Stevenson who appeared as a witness at the hearing of said petition. The cases cited above are to my mind convin-

cing that the rule that identity of name is *prima facie* evidence of identity of person has no application where solemn records of a court of record would thereby be discredited and their integrity be impeached. The cases cited by counsel for appellant in their brief are not in conflict with this view, as an examination will show. The case of *Garwood* v. *Garwood,* 29 Cal. 515, much relied upon by counsel, is an altogether different case from any of the foregoing. In this case, parol evidence having been introduced to establish the identity of parties named in the record of the appointment of an administrator with the parties before the court in a suit involving the same subject-matter, the court stated that in their opinion the mere identity of names was *prima facie* sufficient to establish the identity of persons. The effect of the evidence was not to add to the record nor to vary or impeach it in any way, but merely to show the connection between it and the pending controversy, and the rule could, as suggested by the court, very well apply to such a case. To the same effect are the cases of *Thompson* .v. *Manrow,* 1 Cal. 428, and *Campbell* v. *Wallace,* 46 Mich. 320, 9 N. W. 432. The cases of *Gitt* v. *Watson,* 18 Mo. 274, and *Jackson* v. *King,* 5 Cow. 239, 15 Am. Dec. 468, cited by counsel, are cases differing materially from the case at bar in this: that the rule *idem sonans* was invoked therein in aid of land title by showing the identity of a grantee in one instrument to be the same as the grantor in another instrument, or the identity of a patentee to land and the ancestor of one setting up title to the same. Aside from the consideration of the cases, there does not seem to be any sufficient reason why it should be presumed, from the mere similarity of names, that the court would entertain jurisdiction and enter its judgment in a case where both plaintiff and defendant are one and the same person, when, as a matter of fact, they may have been different persons. I am therefore of the opinion that the judgment in the case of *Kales* v. *Kales, Admr.,* was not open to attack in this action, it being upon its face regularly entered in a cause of which the court had jurisdiction of the subject-matter, and presumptively of the parties to the action.

This view of the law renders it unnecessary to pass upon the question whether the appearance of Vina Brown and her

answer in the case of *Kales* v. *Kales, Admr.*, constitutes an estoppel of record as to her. It is likewise unnecessary to discuss the effect of a contrary holding to the one above, as entitling the appellant to recover in this action. I may state, however, that in my opinion even were the judgment in the case of *Kales* v. *Kales, Admr.*, void upon its face, and there be no estoppel of record on the part of appellant's grantor, Vina Bryan, then that, in my judgment, all the facts exist which would constitute appellee a mortgagee in possession of the premises sued for, and that, therefore, so long as the mortgage debt remained unpaid, he could not be dispossessed.

The judgment is therefore affirmed.

Wells, J., concurs.

GOODING, C. J.—I concur in the affirmance of the judgment on the ground of the appellee being a mortgagee in possession.