---

(No. 11721.—Reversed and remanded.)
THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellant, *vs.* MORTON T. CULVER, Appellee.

*Opinion filed December 19, 1917.*

1. MUNICIPAL CORPORATIONS—*the Supreme Court will not take judicial notice of ordinances passed in exercise of charter powers.* The Supreme Court will take judicial notice of the charter of a village but will not take judicial notice of the ordinances passed by any municipality in the exercise of its charter powers.

2. TAXES—*when objector must prove there is no ordinance appointing village attorney.* One who objects to an application by the collector for judgment for a delinquent assessment upon the ground that the petition for levying the assessment was not filed by an officer of the village because the attorney filing the petition as village attorney was not such officer must prove that there is no ordinance appointing such attorney, as it must be presumed, in such proceeding, that the court, in confirming the assessment, found that there was such an officer.

3. SAME—*want of jurisdiction to enter judgment of confirmation must appear on face of record in collateral proceeding.* In a collateral proceeding every presumption is in favor of the validity of the judgment attacked, and want of jurisdiction of the county court to enter the judgment of confirmation of a special assessment must appear upon the face of the record in order to be relied on as a defense to a proceeding by the county collector for judgment and order of sale for the delinquent assessment.

281 – 26

APPEAL from the County Court of Cook county; the Hon. D. T. SMILEY, Judge, presiding.

MACLAY HOYNE, State's Attorney, and GEO. I. HICKS, for appellant.

MORTON T. CULVER, *pro se.*

Mr. JUSTICE COOKE delivered the opinion of the court:

The People, on the relation of Henry Stuckart, county collector of Cook county, made application to the county court of that county for judgment and order of sale against the property of Morton T. Culver, appellee, for certain delinquent installments of special assessments levied for public improvements in the village of Glencoe, a municipal corporation operating under a special charter adopted in 1869. Appellee objected to the application on the ground that the county court of Cook county, in entering the several judgments of confirmation, acted without jurisdiction, for the reason that no officer of the village of Glencoe was directed by the several ordinances providing for the making of the improvements to file the petitions for confirmation of the assessments; that the person so directed or designated by the several ordinances was not an officer of the village of Glencoe, and the village of Glencoe had not, at the time of passing the several ordinances for such improvements, created the office of village attorney in and for said village. It appears that the various petitions were filed in the name of the village either by the village attorney or by the attorney of the village of Glencoe, and in each instance was signed by the person purporting to be the officer authorized and directed in the ordinance to file the petition. Evidence was heard by the court, the objection was sustained and judgment denied.

The charter of the village of Glencoe did not expressly provide for the election or appointment of a village attor-

ney, but did authorize the appointment of such other officers and agents not therein named as the council might deem necessary and that their duties should be prescribed. It is the contention of appellee that a petition for the levy of a special assessment for the making of a local improvement must be filed in the name of the municipality by the officer designated in the ordinance for the improvement, or by resolution, and that as the charter of the village of Glencoe did not provide for the election or appointment of a village attorney, it must be presumed, in the absence of affirmative proof to the contrary, that there was no such officer, and therefore the various petitions filed in the name of the village of Glencoe by the village attorney were not filed by an officer of the village and conferred no jurisdiction upon the court in which they were presented. It is true, as appellee contends, that this court will take judicial notice of the charter of the village of Glencoe. We do not take judicial notice, however, of the ordinances passed by any municipality in the exercise of its charter powers. (*Illinois Central Railroad Co.* v. *Ashline*, 171 Ill. 313.) The village of Glencoe may or may not have passed an ordinance, under the power conferred upon it, providing for the appointment of a village attorney. Whether or not it has done so is a matter which must be proven in any case where the question becomes material.

Appellee relies almost wholly upon *City of Casey* v. *Cincinnati, Hamilton and Dayton Railway Co.* 263 Ill. 352, and *Village of Melrose Park* v. *Belt Railroad Co.* 275 id. 74, to sustain the judgment of the county court. In those cases we held that under the Local Improvement act every petition for the levy of a special assessment for the making of a local improvement must be filed by some officer of the city designated in the ordinance or by resolution, and that an objection that the petition for the levy of a special assessment was not presented by such officer goes to the jurisdiction of the court over the subject matter. Those cases

were both appeals from judgments confirming special assessments, and it appeared in each of them that no officer of the municipality had been designated in the ordinance or by resolution to file the petition. In each of those cases the jurisdiction of the court was directly attacked, and the whole record, including the proof made under the objections filed to the·petition, was before us for consideration. The case under consideration is a collateral proceeding, where a different rule applies. The lack of jurisdiction of the county court to enter judgments of confirmation of the special assessments in question must appear upon the face of the records in order to furnish ground for collateral attack. (*Thompson* v. *People,* 207 Ill. 334; *People* v. *Martin,* 243 id. 284.) The face of the records of these proceedings does not disclose any lack of jurisdiction. It appears that each of these petitions was filed in the name of the village of Glencoe by the village attorney, as directed by the various ordinances of that village. In a collateral proceeding every presumption is in favor of the validity of the judgment attacked. We will not indulge the presumption, as appellee contends we should, that no ordinance was ever passed by the village of Glencoe appointing an officer to be known as·village attorney. The village clearly had the power to make such an appointment under its charter, and the petitions were filed, as directed by the ordinance, by the village attorney. It must be presumed that the court, in entering judgment of confirmation on the various petitions, found that there was such an officer, and that it had jurisdiction.

The judgment of the county court is reversed and the cause is remanded, with directions to overrule the objection.

*Reversed and remanded, with directions.*