(No. 17612.—

JOHN HENRY SHARP, Appellee, *vs.* VIRGIL SHARP *et al.*—
(ALAN L. STRAUS *et al.* Appellants.)

*Opinion filed December 20, 1928.*

DeYoung, C. J., and Stone, J., dissenting.

Norbert B. Tyrrell, and O'Hair, McClain & Bristow, (Charles L. Bartlett, Sherman C. Spitzer, and George Gillette, of counsel,) for appellants.

Donald B. Craig, James W. Craig, Jr., Craig Van-Meter, and Fred H. Kelly, for appellee.

Per Curiam: The appellee filed in the circuit court of Edgar county an original bill in the nature of a bill of review to set aside and impeach as void a decree of that court reforming a certain deed executed by John Sharp, the appellee's grandfather, to Virgil Sharp, the appellee's father. The bill avers that the decree of reformation was entered during the appellee's minority, and that the circuit court in said cause did not have jurisdiction of him and his infant brother, Larkin Sharp. The bill in this case was exhibited within two years after the appellee reached his majority. The appellants demurred to the bill, and the demurrer being overruled they abided the same, and a decree was entered granting the prayer of the bill.

The facts are not disputed. The appellee's grandfather, John Sharp, was the owner of a farm of about 200 acres in Edgar county. On July 16, 1918, he, with his wife, executed a warranty deed to the farm to Virgil Sharp, his son, the father of the appellee, which deed was in statutory form and conveyed the land "to Virgil Sharp for and during his natural life, remainder in fee simple to his bodily heirs." The conveyance was also made subject to a life estate in the grantor. On February 3, 1922, John Sharp filed a

bill setting forth that the scrivener who prepared the deed to Virgil Sharp had misunderstood the instructions of John Sharp and had erred in reserving a life estate to the grantor and in giving Virgil a life estate with the remainder to the bodily heirs of Virgil. It alleged that it was complainant's intention to convey a fee simple title to Virgil, his son, and that he had instructed the scrivener to so draw the deed, and that he did not discover the error until some time later. The bill prayed that the deed should be reformed so as to put the fee simple title in Virgil. The appellee, his brother, Larkin, and their father, Virgil Sharp, were made defendants. Summons was issued against the defendants, and the sheriff's return of service of the summons was as follows:

"State of Illinois, } ss.
County of Edgar. } ss.

"I duly served the within by reading the same to the within named Virgil Sharp and at the same time delivering to him a true copy thereof, this 3d day of February, 1922.

O. M. Sizemore, *Sheriff."*

"I duly served the within upon the within named Larkin Sharp and Henry Sharp by leaving a true copy thereof for them at their usual place of abode, with Virgil Sharp, a person of the age of ten years and upward, and a member of the family of the within named Larkin Sharp and Henry Sharp, and at the same time making known to him the contents thereof, this third day of February, 1922, as I am therein commanded.

O. M. Sizemore, *Sheriff."*

To the bill Virgil Sharp filed an answer admitting all of the allegations of the bill. A guardian *ad litem* was appointed for the appellee and his brother and such guardian *ad litem* filed a formal answer. A decree was rendered on the bill and answer and hearing of evidence, finding that the allegations of the bill were true and decreeing the reformation of the deed so as to vest the fee simple title to the property in Virgil. This is the decree attacked in the appellee's bill. Some time after the decree was entered Virgil and wife conveyed the premises to one Gee, who sold the same to the appellant Straus, and the latter executed a

mortgage thereon to the appellant the First Trust and Savings Bank of Bloomington, Illinois.

The bill in the instant case alleges that Virgil Sharp, shown by the sheriff's return to be the person with whom the summons for the appellee was left, is the father of the appellee; that the decree in the suit to reform the deed given by the appellee's grandfather reformed the deed to convey the fee absolute to the appellee's father, and the latter was therefore a party to the proceeding whose interests were adverse to those of the appellee, and service on the appellee by leaving a copy with his father did not confer jurisdiction of the person of the appellee, and the appellee's answer by his guardian *ad litem* did not remedy the fatal defect in the decree rendered in that case. The appellee concedes that his attack on the decree in the reformation case is collateral and that he can raise no question as against the appellants, who are innocent purchasers for value, other than that of jurisdiction. On the other hand, the appellants concede that the appellee is within his rights if the record in the reformation case shows lack of jurisdiction of his person. The principal question in the case, therefore, is whether the court in the reformation case had jurisdiction of the appellee. It is to be said at the outset of the consideration of this question that a copy of summons for a minor defendant cannot, under the law, be left with a person who, though not a nominal complainant, is a party interested and benefited by a decree granting the prayer of the bill filed. *Manternach* v. *Studt*, 230 Ill. 356.

The right of an infant to maintain an original bill for relief against a decree rendered against him during his minority, for fraud or for error appearing on the face of the proceedings, is settled in this State by many decisions, and such bill may be filed during minority or within the time fixed by statute for suing out a writ of error after the infant has attained his majority. (*Kuchenbeiser* v. *Beckert*, 41 Ill. 172; *Lloyd* v. *Kirkwood*, 112 id. 329; *Johnson* v.

*Buck,* 220 id. 226; *Teel* v. *Dunnihoo,* 221 id. 471; *Denk* v. *Fiel,* 249 id. 424.) However, innocent third parties purchasing after the rendition of a decree in reliance upon its validity have a right to rely upon it and will be protected against any errors which might cause a reversal, except errors which show that the court was without jurisdiction to render the decree.

The appellants contend that the record does not show that the Virgil Sharp referred to in the return as the one with whom service on the appellee was left is the same Virgil Sharp referred to in the bill as a party defendant and who is the father of the appellee, and it is urged that however strongly one may suspect that such is the case, it must so appear from the record in order to overcome the presumption of validity which obtains as to all judgments and decrees of courts of general jurisdiction.

The appellee says, first, that the rule to be observed in a case of this kind is, that where a name appears twice in the decree the presumption exists that it refers to the same person; and second, that this particular decree shows the Virgil Sharp referred to in the sheriff's return is the same Virgil Sharp who appears as defendant in the case and who is the father of the appellee; that the decree, in referring to "the said Virgil Sharp," by the use of that language could have referred only to the Virgil Sharp who received the summons for the appellee.

The general rule is that identity of name raises a presumption of identity of person where there is a similarity of residence, trade or circumstances. (Lawson on Presumptive Evidence, 307.) A man's name is the designation by which he is distinctively known in the community. He is identified by his name rather than by any other description, and this custom gives rise to the rule that identity of names is *prima facie* evidence of identity of persons. (*People* v. *Lawson,* 331 Ill. 380; *Brown* v. *Metz,* 33 id. 339; *Filkins* v. *O'Sullivan,* 79 id. 524; *Gray* v. *Jones,* 178 id. 169; *Clif-*

*ford* v. *Pioneer Fireproofing Co.* 232 id. 150; *Flournoy* v. *Warden,* 17 Mo. 435; *People* v. *Rolfe,* 61 Cal. 540; *Bayha* v. *Mumford,* 58 Kan. 445; *State* v. *McGuire,* 87 Mo. 642.) It is claimed by the appellants that this presumption is overcome by the counter-presumptions in favor of the regularity of official acts and the presumption in favor of the jurisdiction of a court of general jurisdiction upon collateral attack. While there is a presumption that the sheriff in serving summons performed his official duty, that presumption does not go to the extent of presuming that he served the summons by delivering a copy of the same to a Virgil Sharp other than the father of the appellee. By statute the sheriff was authorized to serve the summons upon Henry Sharp by leaving a true copy thereof for him at his usual place of abode with a person of the age of ten years and upwards and a member of the family of Henry Sharp, at the same time making known to him the contents thereof. The sheriff's return is the basis for a presumption that he performed this official duty, but there this presumption ends. The sheriff was not clothed with judicial power and it was no part of his official duty to determine the rights and interests of the parties to the litigation, and he is not presumed to have had any knowledge that the interest of Virgil Sharp, the father of the appellee, was in conflict with the interest of the appellee. The presumption of the identity of names would, however, be binding in that case, in the absence of proof on the subject, upon the court at every stage of the case, including the entry of the decree. In case of collateral attack a presumption in favor of the regularity and validity of the decree is indulged from a statement in the decree that the court had jurisdiction of the subject matter and of the parties. Nothing will be presumed, however, in favor of jurisdiction in the face of facts appearing in the mandatory record showing that it did not exist. (*People* v. *Brewer,* 15 R. C. L. 895; *Old Wayne Life Ass'n* v. *McDonough,* 204 U. S. 8.) A presumption

is not evidence and cannot be treated as evidence. It can not be weighed in the scale against evidence. (*People* v. *Cochran,* 313 Ill. 508.) Presumptions are never indulged in against established facts. They are indulged in only to supply the place of facts. As soon as evidence is produced which is contrary to the presumption which arose before the contrary proof was offered the presumption vanishes entirely. (*Osborne* v. *Osborne,* 325 Ill. 229.) Where there is clear proof of a fact no presumption can be indulged except such as arises upon the proof. (*Gorden* v. *Gorden,* 283 Ill. 182.) Where the record itself shows the evidence upon which the court acted in finding that it had jurisdiction no presumption of jurisdiction can be considered, and where the record shows the evidence upon which the court acted is insufficient, the finding of the court in favor of jurisdiction is not conclusive. (*Payson* v. *People,* 175 Ill. 267; *Forrest* v. *Fey,* 218 id. 165; *Whitney* v. *Porter,* 23 id. 392; *Hemmer* v. *Wolfer,* 124 id. 435; *Rabbitt* v. *Weber & Co.* 297 id. 491.) The presumption in favor of jurisdiction applies only when the record is silent upon the question, and if there is an affirmative showing in the record that there was no jurisdiction then the judgment or decree will be void. If it appears from the whole record in a case that the court did not have jurisdiction the presumption in favor of jurisdiction is overcome. (*Osgood* v. *Blackmore,* 59 Ill. 261.) When the record itself shows a service which is insufficient and there is no finding from which it may be presumed that there is another service the presumption in favor of jurisdiction is rebutted. (*Clark* v. *Thompson,* 47 Ill. 25.) In the instant case the presumption of jurisdiction cannot be considered. The record contains the evidence as to jurisdiction, and it is by that record, unaided by the presumption of jurisdiction, that the question of jurisdiction must be determined. In determining whether a want of jurisdiction is apparent upon the face of the record we must look to the whole of the record and consider all of it—the petition, the

recitals of the bill, answer and decree as well as the return on the summons. (*Hahn* v. *Kelly,* 34 Cal. 391.) The decree, in so far as it affects this question, is as follows:

"And now on this day this cause coming on to be heard upon the bill of complaint which was filed herein by the complainant, John Sharp, on February 3, 1922, the same being ten days prior to the opening day of the present February term, 1922, of this court, the court further finds from an inspection of the files that thereafter the clerk of this court, to-wit, on the third day of February, 1922, issued a summons in this cause directed to the sheriff of Edgar county, commanding him that he summon the defendants, Virgil Sharp, Larkin Sharp and Henry Sharp, to be and appear before said court to answer the complainant's bill of complaint at the February term, 1922, thereof and that the sheriff thereafter, to-wit, on the third day of February, 1922, served said summons and made his return thereon in the words and figures following, to-wit: [Return of sheriff before set out in this opinion.] The court further finds that thereafter, to-wit, on the 11th day of February, 1922, the said Virgil Sharp, by his counsel, filed an answer to the bill of complaint, and that thereafter, to-wit, on the 17th day of February, 1922, upon motion of the complainant's solicitors, the court appointed one T. J. Trogdon as guardian *ad litem* to appear for the defendants Henry Sharp and Larkin Sharp, minors under the age of twenty-one years, and that thereafter the said guardian *ad litem,* to-wit, on the 17th day of February, 1922, filed his answer as such guardian *ad litem* to said bill of complaint, and in and by his said answer the said guardian neither admits nor denies the allegations of the bill but calls for strict proof of the same, and prays for the court to protect fully all of said infant defendants' interests in the premises. And thereupon, after the aforesaid inspection of the files and the records of this cause, said cause came on to be heard in open court on this 28th day of February, 1922, the same being

one of the regular days of this court, and counsel having appeared for all of the aforesaid respective parties, and the parties themselves having appeared in open court at the hearing of said cause, the complainant produced witnesses who were sworn in open court and who testified in open court and offered documentary proof in this cause, and counsel for the defendant Virgil Sharp, namely, Ben Redman, and the said guardian *ad litem,* T. J. Trogdon, cross-examined said witnesses, and it was ordered by the court that the said evidence so taken and all exhibits offered in evidence should be transcribed by the official stenographer of this court and preserved in the files of this cause. * * * Court further finds from the proof that Henry Sharp is of the age of eighteen years and that Larkin Sharp is of the age of fourteen years, and that both are in court, both in person and represented by their guardian *ad litem,* T. J. Trogdon, who cross-examined the witnesses produced and sworn and who testified at the hearing of this cause, and that the said Henry and Larkin Sharp are the only children or descendants of children which the said Virgil Sharp now has or had at the time of the executing of the instrument above set forth, and that the said Virgil Sharp is married and now lives upon said premises with his wife and the two infant defendants above named, who are the children of the wife of the said Virgil Sharp. The court further finds that it has jurisdiction of the subject matter and of the parties interested in said real estate and that the equities are with the complainant, and that the complainant is entitled to the relief prayed in the bill of complaint herein filed," etc.

Counsel for the appellee cite some cases to the effect that where there has been defective service and the cause has been continued to another term of court a presumption will be indulged that the defective service was cured by proper service. These cases can have no application here. The decree specifically recites the issue of the summons on the third day of February, 1922, and its service upon the ap-

pellee on the third day of February, 1922, together with
the return of the sheriff thereon in the words and figures
in this opinion above set forth, as the basis of its finding
that the court had jurisdiction of the appellee. The sher-
iff's return upon the summons is set out *in hæc verba,* and
it names therein Virgil Sharp as the person with whom the
copy of the summons was left for the appellee and describes
him as a member of the family of the appellee. The de-
cree in the next sentence, after setting out the sheriff's re-
turn which so named Virgil Sharp, finds "the said Virgil·
Sharp, by his counsel, filed an answer to the bill of com-
plaint," and thereafter finds "that the said Henry and
Larkin Sharp are the only children or descendants of chil-
dren which the said Virgil Sharp now has or had at the
time of the executing of the instrument above set forth, and
that the said Virgil Sharp is married and now lives upon
said premises with his wife and the two infant defendants
above named." The general rule of grammar and law is
that the relative terms refer to the next preceding antece-
dent unless it is clear from the context that a different one
was intended. (*Piper* v. *Boston and Maine Railroad Co.*
75 N. H. 435; *Holt* v. *Smart,* 46 id. 9; Broom's Legal
Maxims, 529.) In Pope's Legal Definitions it is said:
" 'The said' has reference to the last antecedent.—*Esdaile* v.
*Maclean,* 15 M. & W. 277." The word "said" is a word of
reference to what has been already spoken or specified, and
if there is a question as to which of the antecedent things
or proposition specified is referred to, it is generally held
to refer to the last of such antecedent propositions or things.
(*Hinrichsen* v. *Hinrichsen,* 172 Ill. 462.) There is nothing
in the context of this decree which would indicate that when
the court used the term "said Virgil Sharp," as above stated,
it used the word "said" with reference to any other Virgil
Sharp than the Virgil Sharp last before mentioned. The
Virgil Sharp last before mentioned was the Virgil Sharp
with whom the summons for the appellee was left. At the

time this language was used in the decree the presumption
of identity from similarity of names still existed, and there
was then no counter-presumption running against it. The
court in the decree names the persons with whom Henry
Sharp, the appellee, was living, and by the rule of *expressio
unius est exclusio alterius* (Coke's Litt. 210*a*,) it is equiva-
lent to a finding that no other person was living with him
at that time. The use of the words "said Virgil Sharp,"
in the connection above mentioned in the decree, was equiv-
alent to a finding that the Virgil Sharp who filed the answer
was the Virgil Sharp with whom the summons for the ap-
pellee was left. The record shows that the Virgil Sharp
who filed the answer was the father of the appellee. The
summons in the cause having been served upon the appellee
by leaving a copy thereof with his father, whose interest in
the suit was diametrically opposed to that of the appellee,
the service was void and the court did not obtain jurisdic-
tion of the person of the appellee, and the decree in ques-
tion was therefore void as to him.

The appellants contend that even if the decree of refor-
mation is a nullity, the remainder created in the appellee by
John Sharp's deed is contingent and is not a sufficient title
to enable the appellee to maintain this suit. The appellee did
not begin this litigation. It had its origin in the bill filed by
John Sharp to reform his deed to Virgil. That bill sought
to take from the two boys whatever estate, title or claim
they had received from John Sharp through his deed, and
this the bill alleged was a fee simple, subject to the life
estates of Virgil and John Sharp. The decree deprived
them of all interest in the land, and they had the right, as
parties to the suit, to seek a reversal of the decree. (*Mahon*
v. *People,* 218 Ill. 171; *People* v. *O'Connell,* 252 id. 304.)
Since the complainant made them parties to the bill, they
had the right, upon the rendition of a decree against them,
to sue out a writ of error to reverse the decree, and an equal
right to seek a review of it by a bill of review or to attack

it by an original bill, and it does not lie in the mouth of the complainant, who made them parties to the bill, or of his privies, to say they had no interest which would entitle them to maintain the suit.

The court decreed that the conveyances made after the decree reforming John Sharp's deed by Virgil and his successive grantees down to Alan L. Straus, and Straus' mortgage to the First Trust and Savings Bank of Bloomington, conveyed only an estate for the life of Virgil, and this is assigned for error. The original decree purported to amend the deed to Virgil so as to convey the title to him in fee simple. The decree remains in force as to John and Virgil, and by it Virgil became the owner of the fee as against all the world except his two sons. His deed and the conveyances of his grantees conveyed the title in fee simple, subject to the interest of the appellee and his brother, unaffected by the decree. The court erred in decreeing that the right, title and interest in the real estate acquired by the appellants amount only to the life estate of Virgil, and in decreeing that the various deeds from Virgil and his grantees to Alan Straus, and the mortgage by Straus to the First Trust and Savings Bank of Bloomington, convey only the life estate of Virgil, and decreeing that such instruments be reformed so as to convey such life estate of Virgil.

It is unnecessary to decide whether the remainder created by John Sharp's deed to Virgil is vested or contingent. The bill is not a bill to quiet, establish or confirm title or to remove a cloud from title. There is no cross-bill. If there is any cloud on the title it is apparent on the face of the records, and equity will not exercise jurisdiction under such circumstances merely to construe legal titles where there is no existing controversy and a controversy may never arise. *McCarty* v. *McCarty*, 275 Ill. 573; *Greenough* v. *Greenough*, 284 id. 416; *Wakefield* v. *Wakefield*, 256 id. 296.

The circuit court not having acquired jurisdiction of the persons of the two minor defendants the decree reform-

ing the deed was void as to them, and the court properly overruled the demurrer and adjudged the decree to be null and void so far as John Henry Sharp and Larkin Sharp are concerned.

The decree of the circuit court is reversed and the cause is remanded, with directions to enter a decree in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*

Mr. JUSTICE STONE, dissenting:

I cannot concur in the conclusion or reasoning of the opinion adopted in this case. I am of the opinion that it cannot be held, on this record, that the court did not have jurisdiction to enter the decree reforming the deed involved herein. This is a collateral attack on that decree after the vesting of rights of third parties who purchased such rights on the faith of that decree. In cases of collateral attack a presumption in favor of the regularity and validity of a decree is indulged. The presumption of identity by use of the same name in different parts of a decree has been indulged to sustain, but not to destroy, the validity of the decree on collateral attack. (*Thomas* v. *Mueller,* 106 Ill. 36; *Richardson* v. *People,* 85 id. 495; *Dow* v. *Seely,* 29 id. 495; 6 Ency. of Evidence, p. 914; *Bryan* v. *Kales,* 3 Ariz. 423; *Stevenson* v. *Murray,* 87 Ala. 442; *Buckeye Refining Co.* v. *Kelly,* 163 Cal. 8; *McCloud* v. *Harper,* 43 Miss. 42; *Waller* v. *Edmonds,* 47 Tex. 469.) There is nothing in this record that tends to indicate that the Virgil Sharp receiving the summons for the appellee and the defendant Virgil Sharp were the same person other than the language "said Virgil Sharp," hereinafter referred to. No assistance can be rendered to such a conclusion from the appearance of the name "Virgil Sharp" in different places in the decree. Since on collateral attack all presumptions are in favor of the validity of the judgment or decree attacked, want of jurisdiction to enter the judgment or decree must

appear on the face of the record in order· to furnish the basis of such collateral attack and cannot be shown by proof *aliunde*. (*People* v. *Culver*, 281 Ill. 401; *People* v. *Martin*, 243 id. 284; *Thompson* v. *People*, 207 id. 334; *Rivard* v. *Gardner*, 39 id. 125.) There is in this decree the finding of the court that it had jurisdiction of the subject matter and·parties therein named, including the appellee. The claim that the Virgil Sharp who received the summons for the appellee is the appellee's father, who was a party to the bill and benefited by the decree, is inconsistent with the finding of the decree that the court had jurisdiction of the appellee, as the court could not thus obtain jurisdiction of him. When the court has entered a decree finding that it has jurisdiction of the parties, every presumption is to be indulged that that finding is correct. Were this not the correct rule there would be no security in judgments and decrees of the courts. Where, as here, rights of third parties have intervened, the importance and necessary strength of such a presumption are manifest. While such presumption may be overcome by facts appearing on the record, no such facts appear here.

The record does not show, as held by the opinion, that the Virgil Sharp referred to as receiving the summons is the father of the appellee. The only language cited in the opinion as so showing is the following: "The court further finds that thereafter, to-wit, on the 11th day of February, 1922, the said Virgil Sharp, by his counsel, filed an answer to the bill of complaint," etc. The fact that this language appears in the decree immediately following a copy of the summons and return of service does not require, under the rules of construction recognized in this State, that the Virgil Sharp mentioned in that language be considered the Virgil Sharp referred to in the return of the sheriff as the person receiving the summons for the appellee, but, rather, the sense and language of the decree show that the Vir-

gil Sharp mentioned in the decree is the person named therein as defendant.

The opinion cites in support of its holding, *Hinrichsen* v. *Hinrichsen*, 172 Ill. 462. In that case the words under discussion were "said estate." It was in that opinion said that "the word 'said' is a word of reference to what has been already spoken of or specified, and if there is a question as to which of the antecedent things or propositions specified is referred to, it is generally held to refer to the last of such antecedent propositions or things." Such is the general rule of strict grammatical construction. The great weight of authority in this country is, however, that the word "said" will not always be held to refer to the last antecedent but does refer to the antecedent indicated by the clear sense or meaning of the instrument as a whole. Among the cases so holding are the following: *Turnkey* v. *VanSant*, 176 N. Y. 543; *Lord* v. *Tyler*, 14 Pick. (Mass.) 156; *People* v. *Burns*, 5 Mich. 114; *Wilkinson* v. *State*, 10 Ind. 372; *Hagerty* v. *Hockenberry*, 52 N. J. Eq. 354; *State* v. *Omaha*, 39 Neb. 745. This rule does not conflict with the general rule referred to in the *Hinrichsen case, supra*, and conforms to good reason. Strict grammatical construction is not to be adopted where the instrument shows that the antecedent referred to by the word "said" is other than the proposition or thing last immediately preceding. This is but in accordance with the rule that in the construction of instruments the intent of the instrument shall control. Indulging the presumption, as must be done, that the court did not find contrary to the law, its finding that it had jurisdiction of the appellee also tends to establish that the chancellor did not intend to say by the decree that the Virgil Sharp referred to in the decree as defendant was the Virgil Sharp who had received summons for the appellee, for such a finding would be inconsistent with the finding of the court that it had jurisdiction. In fact, the contrary is shown by the decree. The language of the decree

is, that the "said Virgil Sharp" previously referred to as defendant answered the bill. Only parties defendant file an answer. The summons and the return thereon were set out in the decree as the copy of an instrument. The Virgil Sharp who answered was the Virgil Sharp who was defendant. There is no reason in this decree to presume that because a person named Virgil Sharp received the summons for the appellee such person was the same Virgil Sharp who answered the bill. He might have been an uncle who was a member of the family of the appellee. That the Virgil Sharp who answered the bill was the Virgil Sharp who was made defendant and that "said Virgil Sharp" referred to him is the natural and reasonable construction of the language of the decree. The use of the words "said Virgil Sharp" cannot, therefore, be held to overcome the presumption of the validity of the decree.

Cases cited by the appellee as supporting the conclusion of the opinion are cases not of collateral attack, as here, but of direct attack, where a different rule obtains. Want of jurisdiction does not appear on the face of the record in this case. The rule essential to the protection of parties who acquire rights under judicial decrees, that want of jurisdiction in cases of collateral attack, and where the rights of third parties have intervened, must appear from the record itself, should be applied. The effect of the opinion in this case is to hold that a presumption of fact, if it arise at all, may be used to overcome another presumption which is one of law. So far as I am informed it has never been held that this can be done. The demurrer to the bill should have been sustained.

Mr. CHIEF JUSTICE DeYOUNG: I concur in the foregoing dissenting opinion of Mr. Justice Stone.