ROBERT PATTERSON v. CONSUMERS ROOFING COMPANY.[1]

December 13, 1940.

No. 32,519.

[1]Reported in 295 N. W. 401.

*Sanborn & Andre,* for appellant.

*Samuel G. Smilow* and *Samuel M. Koritz,* for respondent.

HILTON, JUSTICE.

The Consumers Roofing Company, a corporation, appeals from an adverse judgment in an action on an Alabama judgment duly authenticated.

Allegedly, the court's findings are without evidentiary support. The only evidence before the court below was the certificate of judgment of the Jefferson county court of common claims, Alabama. As to jurisdiction over the subject matter which was found below, appellant has no complaint. Presumptively, the Jefferson county court, being a court of record with a seal, had jurisdiction to render the judgment here questioned in absence of evidence demonstrating otherwise. 3 Dunnell, Minn. Dig. (2 ed.) § 5208; Stahl v. Mitchell, 41 Minn. 325, 43 N. W. 385; State ex rel. Engelhard v. Weber, 96 Minn. 422, 105 N. W. 490, 113 A. S. R. 630. Defendant produced no evidence to show otherwise. See Ryan v. Metropolitan L. Ins. Co. 206 Minn. 562, 568, 289 N. W. 557. Further, under L. 1939, c. 77, §§ 1-7 (3 Mason Minn. St. 1940 Supp. §§ 9852-1 to 9852-7), judicial notice of the statutes of sister states may be taken provided reasonable notice in the pleadings or otherwise is given to adverse parties. Here the complaint alleged jurisdiction of the Jefferson county court, and apparently respondent at trial requested that judicial notice be taken of Gen. Acts, Alabama, 1931, No. 515, § 2, p. 622, conferring jurisdiction upon that court in civil cases where the amount involved exceeds $100 but is less than $500. Notice to the adverse party that judicial notice will be requested should in most cases be more specifically stated in the pleadings or otherwise so as to prevent surprise of the other party, but we cannot say that appellant was prejudiced here.

Further claim is made that the Alabama court's certificate of judgment contains no evidence that a judgment was ever rendered against appellant, or, if so, that it was ever entered upon the minutes. In the certificate under the heading "Orders of Court," this following entry appears:

"1/15/34. On proof & submission

"It is considered by the court that plaintiff have & recover of the defendant the sum of Four Hundred & Fifteen & No/100 Dollars & costs for which let execution issue. E. N. Hamill, Judge."

This conforms substantially with the form of judgment prescribed for use by justices of the peace, Alabama Code, 1928, § 8795, Form 28, and abides by the requirement in Gen. Acts, Alabama, 1931, No. 515, § 35, p. 628, that judgments of the courts of the Jefferson county class "shall not be required to be more formal than a judgment rendered in a Court of the Justice of the Peace." *Cf.* Alabama Code, 1928, § 8722. Even if as appellant argues the above entry was made on the docket only, this, under Alabama Code, 1928, § 8706(1), is all that is required of justices of the peace. Therefore appellant's cases are not in point.

Since appellant here had the same name as the defendant against whom judgment was taken by respondent in Alabama, it was burdened with disproving identity of parties. Whiting v. Ivey, 3 La. Ann. 649; Barlow v. Marrone, 88 N. J. L. 187, 95 A. 985; Campbell v. Wallace, 46 Mich. 320, 9 N. W. 432.

The judgment below allowed $28 for costs in the Alabama action. Respondent concedes this to be error. The judgment below will be affirmed save as to the item for costs.

Judgment modified and as modified affirmed.