(No. 27466.—

JOHN F. CULLEN, JR., Appellant, *vs.* HARRIET STEVENS *et al.*—(HARRIET CULLEN *et al.*, Appellees.)

*Opinion filed Nov. 22, 1944—Rehearing denied Jan. 11, 1945.*

SCHNACKENBERG, HANSEN & TOWLE, (ELMER J. SCHNACKENBERG, of counsel,) both of Chicago, for appellant.

ARTHUR K. YOUNG, and ISIDORE BROWN, (SOL R. FRIEDMAN, and ARNOLD D. McMAHON, of counsel,) all of Chicago, for appellees.

Amos C. MILLER, of Chicago, *amicus curiae.*

Mr. JUSTICE STONE delivered the opinion of the court:

The question involved in this case concerns the validity of a certain divorce decree entered by the city court of Calumet City. The cause arises on a complaint, filed in the circuit court of Cook county, by which appellant here seeks annullment of his marriage which he contracted with appellee Harriet Stevens, on the ground that at the time of their marriage said appellee had not been divorced from her then husband, Paul Stevens. The action was brought against both Harriet and Paul Stevens. Both appellees appeared and filed separate motions to dismiss the complaint. After hearing, the motions were sustained and the complaint was dismissed.

The ground of the alleged invalidity of the divorce decree of the city court of Calumet City was that that court did not have jurisdiction to enter it. Two reasons are assigned: (1) that it appears on the face of the complaint filed in this case and admitted by the motion to dismiss,

that Harriet Stevens was not a resident of Calumet City, and (2) that it also appears from the record in the divorce case that the cause of action did not arise within the territorial limits of Calumet City. It is also alleged here that section 5 of the Divorce Act, giving jurisdiction to city courts in divorce cases, where the plaintiff lives in the county in which the court is located, is invalid. In *McFarlin* v. *McFarlin*, 384 Ill. 428, it was held that section 5 relates only to the question of venue and does not purport to extend the jurisdiction of city courts to cases arising beyond the limits of the city in which the court is located, and that, as so construed, section 5 of the Divorce Act, as amended in 1939, is not invalid, thus disposing of that question.

The basis of appellees' motions to dismiss the complaint in this case, and their contention here, is that this is a collateral attack upon the divorce decree entered by the city court of Calumet City, and that that decree is not open to collateral attack. Appellant, on the other hand, urges that the city court of Calumet City did not have jurisdiction to enter the decree for divorce and that its decree is therefore open to collateral attack. The basis of this contention is that the complaint in this case alleges want of jurisdiction because the evidence in the divorce proceeding shows that Harriet Stevens, complainant in that case, was not a resident of Calumet City or Cook county, and that the cause of action did not arise in Calumet City is also shown by the testimony of Harriet Stevens in the divorce case, as that testimony appears in the certificate of evidence.

That the plaintiff shall reside in the county where the suit is filed, is a prerequisite to the filing of a complaint in a divorce proceeding. (*Dean* v. *Dean*, 381 Ill. 514.) A city court is a court of general jurisdiction within the limits of the city where located. It has jurisdiction to hear and determine divorce cases. Its records import

verity and, in the absence of proof from its records, its decrees cannot be attacked collaterally, as its jurisdiction will be presumed. (*People ex rel. Stuckart* v. *Culver*, 281 Ill. 401; *Forrest* v. *Fey*, 218 Ill. 165.) In case of collateral attack all presumptions are in favor of the validity of the judgment or decree attacked and want of jurisdiction to enter the same must appear on the face of the record in order to furnish a basis for collateral attack. Such can not be shown *aliunde*. *People* v. *Culver*, 281 Ill. 401; *People ex rel. McCall* v. *Martin*, 243 Ill. 284; *Thompson* v. *People ex rel. Hanberg*, 207 Ill. 334.

The principal remaining question in this case, therefore, is, What is the "entire record"? Does it include the certificate of evidence? This court has never had occasion to pass directly upon that point although its decisions have touched upon it. In the early case of *Vail* v. *Iglehart*, 69 Ill. 332, the question as to the meaning of the words "record of any judgment," as they were used in the act providing for the restoration of burnt records, was discussed. It was there said: "What, then, is the meaning of the words 'record of any judgment,' as they are used in this act? It seems to be argued by appellee as if their meaning is, in his opinion, to be limited to the final entering of the judgment of the court by the clerk in the proper record. This, to our apprehension, is entirely too narrow a construction to accomplish the purposes of the act, nor do we understand that such is the plain and obvious import of the words used. The record of a judgment, at common law, was known as 'the judgment roll,' and this included, as well, the pleadings, process, etc., as 'signing judgment.'" Citing Stephen on Pleading, 24 *et seq.*; Freeman on Judgments, 51, sec. 75.

This definition of a record was again approved in *People ex rel. Kilduff* v. *Brewer*, 328 Ill. 472. No case has been presented to us, and we have been unable to discover any, holding that a bill of exceptions or a certificate of evi-

dence is a part of the record proper or complete record, as that term is used in the cases. In *Sharp* v. *Sharp*, 333 Ill. 267, cited by counsel, the decree recited certain facts regarding service. Other findings of the decree showed that the service was improper and jurisdiction of the person of certain minor parties had not been obtained. A careful perusal of the opinion in that case will show that when this court used the language "Where the record itself shows the evidence upon which the court acted in finding that it had jurisdiction no presumption of jurisdiction can be considered," etc., the court had in mind, as the opinion shows, not what was shown by a bill of exceptions or certificate of evidence, but what was shown by the return of the sheriff, which is "part of the record proper." While the conclusion in that case was not·concurred in by all members of the court, there can be but little doubt that the court, in referring to the whole record or the record proper, had no reference to a bill of exceptions or certificate of evidence.

The cases before this court, where the judgment was attacked collaterally, or where it was claimed that the court was without jurisdiction, all indicate that the court was considering parts of the record itself rather than the bill of exceptions or certificate of evidence. In the case of *Rabbitt* v. *Weber & Co.* 297 Ill. 491, the affidavit of attachment was found insufficient to confer jurisdiction of the person of a certain defendant in the original suit. Such an affidavit is a part of the pleadings. In *Forrest* v. *Fey,* 218 Ill. 165, an affidavit, required by the Arkansas statute to confer jurisdiction, had not been executed. This affidavit, again, was a part of the pleadings. In *Payson* v. *People ex rel. Parsons,* 175 Ill. 267, there was a failure to give the jurisdictional notice and to execute the affidavit showing such notice. In *Hemmer* v. *Wolfer,* 124 Ill. 435, the decree was held void for want of jurisdiction on a showing that service of summons on the complainant's

stepchildren had been had by delivery of a copy of. the summons to the complainant himself. This was shown by the sheriff's return, a part of the record. Again, in *Osgood v. Blackmore,* 59 Ill. 261, no testimony was considered. In *Clark* v. *Thompson,* 47 Ill. 25, it was held that the decree involved there might be collaterally. attacked because jurisdiction of minor defendants was not had. There is nothing in that case to indicate that any testimony or evidence was examined. So, in *Whitney* v. *Porter,* 23· Ill. 392, want of jurisdiction of minor defendants was shown by the return. In *People ex rel. Baird and Warner, Inc.* v. *Lindheimer,* 370 Ill. 424, where the judgment of the county court in an application for sale of real estate, for delinquent taxes was assailed, this court said: "Its judgment imports absolute verity without setting .forth in the proceedings the facts and evidence on which it is rendered, to contradict which no averment or evidence ·will be received, and in favor of whose jurisdiction every presumption will be indulged. Under such a collateral attack, every presumption is made in favor not only of the proceedings but of the court's jurisdiction, unless it affirmatively appears on the face of the record that the court was without jurisdiction."

That the definition of the term "record," or "complete record," does not include the. bill of exceptions or certificate of evidence, has been generally held in various jurisdictions throughout this country. In *Mead* v: *Rudnick,* ·306 Mass. 616, 35 N. E. 2d 485, it was held that evidence upon which a verdict was rendered is not part of the record. In *Jones* v. *City Limit Cab, Inc.* 112 N. J. L. 482, 171 Atl. 791, this definition of "record" was given: "The record in the strict sense in which the word is used in judicial proceedings includes the pleading and judgment (and its incidents such as venue, postea, etc.,) and does not include the evidence, charge of the court, bills of ex-

ceptions and bills of particulars." In *Margolies* v. *Goldberg*, 101 N. J. L. 75, 127 Atl. 271, it was again held that the record in judicial proceedings includes pleadings and judgment and does not include the evidence, charge of the court or bill of exceptions.

The Supreme Court of Vermont in *Rutter* v. *Borke*, 89 Vt. 14, 93 Atl. 842, declared that the term "record," in its primary use, does not include evidence. In another case, (*State* v. *Shappy; 79* Vt. 306, 65 Atl. 78,) that court held that the lack of evidence to sustain a verdict cannot be considered on a motion in arrest of judgment, "for though the evidence be set out in the bill of exceptions, it is no part of that record proper which alone is brought in review · by a motion in arrest." To the same effect is *Paradise* v. *Great Eastern Stage, Inc.*, 114 N. J. L. 365, 176 Atl. 711.

In *Smith* v. *Mosely*, 234 Mo. 486, 137 S. W. 971, it was held that the record proper consists of process and return, pleadings, verdict and judgment in civil cases. In *Parsons* v. *Weis*, 144 Cal. 410, 77 Pac. 1007, it was held that if it affirmatively appears on the face of a judgment record that the court did not have jurisdiction of the defendant, the court's judgment is open to collateral attack. In *Ex Parte Harlan*, 180 Fed. 119, a judgment was attacked collaterally and it was sought to show by the bill of exceptions that the court lacked jurisdiction, but it was held that a bill of exceptions is no part of the record proper.

In *Chicago Terminal Transfer Railroad Co.* v. *Barrett*, 252 Ill. 86, where the question was as to what had been decided in a previous lawsuit, it was held that the certificate of evidence, as a part of the decree, might be adverted to to show what issues were tried. It can scarcely be said that this case is authority for the claim that a certificate of evidence is essential or is to be considered in determining whether the court had jurisdiction of the subject matter or

of the parties. That was not a case of collateral attack. Under the present Practice Act it is not required that a certificate of evidence be filed to support the decree.

From a consideration of these various cases, the definition of "record," "record proper," or "complete record," to be deduced, is that the record shall consist of pleadings, process, verdict of the jury and judgment or decree of the court. This must, necessarily, be the limitations of a record if there be stability in decrees and judgments of the court. To include the certificate of evidence as a part of the record would involve opening many questions and the production of many lawsuits. There could be no certainty in decrees. A re-examination of the evidence upon collateral attack would result in far-reaching consequences, involving, among other things, the disturbing of titles long considered settled as well as weakening the jurisdictional presumption that has always obtained.

However, appellant says in this case the presumption of jurisdiction is overcome by the fact that it is alleged in the complaint here and admitted by the motion, that the city court of Calumet City did not have jurisdiction of the divorce cause. He points out that it is alleged in the complaint here that Harriet Stevens, the plaintiff in the divorce proceeding, testified that she was married in the city of Chicago to Paul Stevens, on October 3, 1940; that they went back "to our town, (meaning a town in the State of Indiana,)" and that on that date Stevens left her and she has not seen him since. The decree in the divorce case recites that a certificate of evidence was filed therewith. There is nothing in the decree about where the desertion occurred and the term "to our town" does not indicate the State of Indiana, or any other than the city of Calumet City for that matter. As to what witness meant is a conclusion of the pleader in this complaint and is not admitted by the motion to dismiss. The city court

of Calumet City being a court of general jurisdiction within the limits of that city, its decree is entitled to the benefit of the presumption that the court had jurisdiction to render it until the contrary appears from the record. (*Horn v. Horn,* 234 Ill. 268.) There is nothing in the record of the city court of Calumet City to indicate that it did not have jurisdiction of the divorce proceeding. The court found jurisdiction in its decree. It follows that its decree in that cause is not open to collateral attack and the circuit court in this case did not err in sustaining the motion to dismiss. Its decree dismissing the complaint is affirmed.

*Decree affirmed.*

Mr. Justice Smith, dissenting.