SADIE B. TOBIAS, Defendant in Error, *vs.* JAN KASPZYK *et al.* Plaintiffs in Error.

*Opinion filed October 28, 1910—Rehearing denied Dec. 7, 1910.*

1. REGISTRATION OF TITLE—*payment of taxes may be shown by any competent evidence.* Payment of taxes under color of title may be shown by any competent evidence, including the testimony of a person having knowledge of their payment; and such payment is established by tax receipts and the testimony of the holder of color of title that he paid the taxes each year, even though his initials do not correspond with those given in several of the tax receipts introduced in evidence.

2. SAME—*title acquired under section 6 of Limitation act may be registered.* An applicant who proves a concurrence of possession under claim and color of title and the payment of all the taxes legally assessed for the full period of seven years, as provided in section 6 of Limitation act, is entitled to have such title registered.

3. SAME—*mere introduction of tax deed does not authorize reimbursement for taxes paid.* The mere introduction of a tax deed in evidence by the defendants to an application to register title, without proof as to what amount, if any, they had paid on account of taxes, is not sufficient evidence to base a decree of reimbursement upon, and where the absence of sufficient proof is caused by the neglect of the defendants there is no error in ordering title registered without imposing any terms on the applicant.

4. SAME—*when refusal to re-open case is not an abuse of discretion.* Refusal to re-open the case a second time to permit the defendant in a proceeding to register title to introduce further evidence is not an abuse of discretion, where the case had been re-opened once before on defendant's motion for the same purpose and the defendant was given ample time, before the case was closed the second time, to introduce the evidence but failed to do so.

Writ of Error to the Circuit Court of Cook county; the Hon. George A. Carpenter, Judge, presiding.

John R. O'Connor, for plaintiffs in error.

Mr. Chief Justice Vickers delivered the opinion of the court:

Sadie B. Tobias filed her application in the circuit court of Cook county to register her title to lots 28, 29 and 30, in block 6, in Hegewisch subdivision of the south-west quarter of the north-east quarter of section 31, township 37, north, range 15, east of the third principal meridian, in Cook county, Illinois. The application alleged that the land was occupied by Jan Kaspzyk as tenant from month to month of complainant, and that Jacob Glos and Emma Glos personally, and August A. Timke as trustee, claimed some interest by reason of an alleged tax deed or deeds held by Jacob Glos and a trust deed executed by him to August A. Timke to secure a note. The application was assented to by Kaspzyk. The other 'defendants filed separate answers to the application, denying that the complainant had stated a case which would entitle her to relief, admitting that they claimed an interest in the property, and denying their title was invalid for any reason.' The application was referred·to Charles G. Little, one of the examiners of titles, who heard the evidence and reported, finding that the complainant was the owner of the premises described in the application in fee simple and that no other person had any interest therein. This report was confirmed and a· decree entered in conformity therewith. Defendants have sued out a writ of error to this court to obtain a review of the decree below, and assign errors calling in question the sufficiency of the proof to support the decree.

To establish title in herself defendant in error relied on possession and payment of taxes for seven successive years

247—6

under claim and color of title made in good faith, under section 6 of chapter 83 of Hurd's Revised Statutes of 1909. She also introduced in evidence a quit-claim deed executed by Harold J. LeCren to Thomas W. Forster, dated August 30, 1894, duly signed, acknowledged and recorded, purporting to convey the premises in question for an expressed consideration of $800; also a deed from Thomas W. Forster and wife to defendant in error conveying the same premises, dated December 15, 1902, and recorded in the recorder's office of Cook county December 17, 1902.

The three lots in question are contiguous, each being 25 feet by 175 feet, and are improved by a residence, and the entire property is enclosed with a fence and used by the occupant of the dwelling for garden, cow pasture, etc. Thomas W. Forster, grantee in the LeCren deed, testified that the property had been occupied by his tenants since he received his deed, and that he had received the rent for the property until he sold it to defendant in error. He also testified that he had paid the taxes on this property from the date of his deed, in 1894, until he sold it to defendant in error, and that she had paid all the taxes since that date. The evidence shows that all of the taxes were paid on this property from the time Forster obtained his deed, in 1894, to the time when defendant in error filed her application to register her title, in 1905. Tax receipts were introduced covering all of the years except one, and as to that year Forster testified that he paid the taxes but had lost the receipt. One of the tax receipts was in the name of W. T. Forster, one in the name of F. W. and another in the name of T. N. Forster. The others were either Thomas W. or T. W. Forster.

Plaintiffs in error contend that the tax receipts show the payment of taxes by persons other than the holder of the color of title. If the tax receipts were the only evidence of the payment there would be some force in this contention, but the testimony of Thomas W. Forster shows

that all of these payments were made by him and with his own money. This evidence, when taken in connection with the tax receipts, is sufficient to show a payment of taxes under the color of title. The payment of taxes may be shown by any competent evidence, and the testimony of a person having knowledge of their payment is competent evidence. There is no merit in the several objections pointed out by plaintiffs in error to the evidence showing the payment of taxes. Defendant in error having shown a concurrence of possession under claim and color of title and the payment of all the taxes legally assessed for the full period of seven years, made out a case entitling her to have her title registered. (Hurd's Stat. chap. 83, sec. 6.)

The plaintiffs in error offered a copy of a tax deed in evidence, but it was excluded as evidence of title because there was no preliminary proof showing that the tax deed in fact conveyed the title. The tax deed was then offered as a basis for a reimbursement for the taxes paid by the plaintiffs in error and was received in evidence for this purpose. No evidence, however, was subsequently offered showing what amount, if any, plaintiffs in error had paid on account of taxes. After the case had been closed before the examiner of titles and had been adjourned for more than a month, the case was re-opened, on motion of the plaintiffs in error, to permit them to offer further evidence. After the case was closed the second time, Mr. O'Connor, attorney for plaintiffs in error, asked permission to bring in evidence showing how much taxes had been paid at the tax sale. Counsel for defendant in error objected on the ground that the case had already been closed, Mr. O'Connor stating that he was aware of the fact that he had not made any proof of the payment of any money that was for the tax deed and did not know just how he was going to prove it; that it would cause a great deal of trouble in bringing in records and making proof. The examiner denied Mr.

O'Connor's motion and his action in that regard is complained of. In this there was no abuse of discretion. The plaintiffs in error had had ample opportunity to procure and introduce any evidence showing the amount paid at the tax sale if they desired to do so. There was no error in the decree ordering the registration of this title without imposing any terms upon the defendant in error. There was no evidence upon which a decree for reimbursement could have been entered, and the absence of such proof, if it existed, was caused by the neglect of plaintiffs in error.

There is no merit in any of the contentions of plaintiffs in error. The decree will be affirmed.

*Decree affirmed.*