WILLIAM H. PETERS *et al.* Appellees, *vs.* A. G. DICUS, Appellant.

*Opinion filed April 18, 1912—Rehearing denied June 7, 1912.*

1. REGISTRATION OF TITLE—*a title acquired under section 6 of Limitation act may be registered.* A title acquired under section 6 of the Statute of Limitations, concerning possession and payment of taxes for seven successive years under claim and color of title, is one which may be registered.

2. SAME—*partition decree is color of title though it may be erroneous.* A partition decree which confirms the report of the commissioners and purports to vest the title to the same extent as would a deed from a sole owner is color of title, even though the decree may be erroneous and though all persons were not parties who should have been.

3. SAME—*knowledge of defects in title or adverse claims does not necessarily mean bad faith.* There may be good faith in the acquiring of claim and color of title notwithstanding actual notice of existing claims or liens, or knowledge of legal defects which prevent the title, of which there is color, from being absolute.

4. SAME—*when it is not error to permit titles of different parties to separate lots to be registered in one proceeding.* Where the owner of several lots sells some of them after obtaining a decree registering title to all of them, and thereafter a third party is given leave to answer the petition for registration and set up a claim to an undivided interest in all the lots, it is not error for the court to permit the original petitioner and his grantee to file separate supplemental petitions and proceed to the determination of the whole controversy in the one proceeding.

5. SAME—*registrar not entitled to have judgment or execution for fees.* Under the act concerning the registration of land titles the court has power to allow fees for the registrar, but no judgment should be rendered or execution awarded in favor of the registrar for such fees.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

A. G. DICUS, *pro se.*

WILLIAM GIBSON, and C. VANALEN SMITH, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

On October 2, 1909, William H. Peters applied for the registration of his title in fee simple to lots 1 to 10, both inclusive, of block 4, in Kauffman & Stephens' addition to Oak Park, alleging that no other person had or claimed any interest therein, and a decree for the registration of the title was entered January 13, 1910. On March 13, 1911, the appellant, A. G. Dicus, obtained leave to answer, and filed an answer claiming to be the owner of one-twelfth of the premises. In the meantime Peters had sold lots 7, 8, 9 and 10 to the appellee Orville P. Barrows, and by leave of the court they filed separate supplemental petitions, Peters for the registration of his title to lots 1 to 6 and Barrows for the registration of his title to lots 7 to 10, each relying upon a decree of partition in the circuit court of Cook county as a source of title, and also as color of title under which possession had been taken and held and taxes had been paid for seven successive years. The cause was referred to an examiner, and the court, after overruling exceptions to the examiner's report, entered a decree for the registration of the title, in accordance with the prayer of the supplemental petitions.

The lots in controversy are part of a tract of land which was conveyed on November 1, 1889, to Henry Scherer and Andrew Rehm and was afterward subdivided under their direction. The land was purchased by them and five other persons, including Hiram B. F. Odell, for the purpose of selling at a profit, and a written agreement was executed by all the parties declaring that Scherer and Rehm held the title as trustees for all, authorizing them to plat, improve and sell all or part of the premises and account for the proceeds, and stating that the interest of the parties should be deemed personal, to be accounted for in money and not in land, and that the whole title to said premises as land, both legal and equitable, was and should be in such trustees as such. On September 5, 1901, William H. Crump,

one of the original parties to the transaction, conveyed to George Rehm and the appellee Peters, who before that time had no connection with it, all his interest in the lots in controversy and other lots. In the meantime Andrew Rehm had died, Hiram B. F. Odell had died, and their estates had failed to pay their proportionate shares of taxes and assessments levied against the property. A bill having been filed in the circuit court of Cook county by the executors and trustees under the will of Andrew Rehm, the deceased trustee, against Henry Scherer, the surviving trustee, the heirs of Andrew Rehm, the heirs of Hiram B. F. Odell and all the surviving parties to the transaction, a decree was entered stating the condition of the account amongst them and directing a partition of the land, the title of which remained in the trustees. A partition was made assigning to the appellee Peters the ten lots involved in this application, and on January 3, 1903, the commissioners' report of such partition was approved and the title to such ten lots was decreed to be vested in Peters. He took possession of them in March, 1903, fenced them, erected on them a dwelling house costing $6000, has ever since continued in possession of and resided upon them and paid all taxes assessed against them, beginning April 26, 1903, except as to lots 7, 8, 9 and 10. Those lots he had possession of and paid taxes on until in 1910 he sold them to the other appellee, Barrows, who has since had possession of and paid taxes on them and has erected a dwelling house on them, in which he lives.

The appellant insists that the interest of each of the parties to the agreement concerning the land and trusteeship was personal property, being only a right to a share of the proceeds of the sale, and that therefore the court was without jurisdiction to render the decree of partition, which is only applicable to real estate. He further claims that the administrator of Hiram B. F. Odell was a necessary party to that suit because Odell's interest in the proceeds of the sale should be paid to him as personal prop-

erty, and that the decree rendered in his absence is void. He claims under a sale by Odell's administrator of the interest of Odell's estate as personal property and under a deed made by Odell's administrator by virtue of a sale of Odell's interest as real estate.

It will not be necessary to answer in detail all the contentions made. This controversy concerns real estate, only. The main question is whether the appellees are the owners of the lots described. Section 6 of the Limitation law declares that "every person in the actual possession of lands or tenements, under claim and color of title, made in good faith, and who shall, for seven successive years, continue in such possession, and shall also, during said time, pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title." A title acquired under this section may be registered. *Tobias* v. *Kaspzyk*, 247 Ill. 80.

There is no question about appellees' possession, payment of taxes or claim of title. The statute authorizes the court, in all suits for the partition of real estate, to investigate and determine all questions of conflicting or controverted titles, and by their decrees to invest titles in the parties to whom the premises are allotted, without the forms of conveyances. The decree confirming the report of the commissioners purported to vest the title in Peters to the same extent as would a deed from a sole owner, and was therefore color of title within the meaning of the statute. (*Hassett* v. *Ridgely*, 49 Ill. 197; *Rawson* v. *Fox*, 65 id. 200; *Wright* v. *Stice*, 173 id. 571.) It is true that Odell's administrator, under whom appellant claims, was not a party to the suit; but even though it be conceded that the administrator would not be bound by the decree, and that the decree, because of this defect, must be regarded as legally insufficient to pass the title, yet it would still constitute color of title. "The judgment of a proper

court making partition, although a part of the tenants in common may not have been made parties, is, nevertheless, color of title, and, where the other requirements of the statute have been performed, may be effectually interposed as a bar." *Hassett* v. *Ridgely, supra.*

It is urged that the court was without jurisdiction to render the decree of partition. The circuit court has jurisdiction of the partition of real estate, the enforcement of trusts and of matters of account. Where a decree has been rendered by the circuit court all presumptions are in favor of its jurisdiction. The decree in this case shows that a petition was filed by the executors of the deceased trustee against the surviving trustee, the surviving parties to the trust agreement who had not assigned their interests, the assigns of such as had assigned their interests, and the heirs of the deceased parties; that all the defendants were in court, either by the entry of appearance or by service of process or publication of notice; that some of the defendants were defaulted; that a hearing was had upon the petition, answers and replication and the report of the master, and that a decree was entered finding all the facts deemed material from the time of the making of the trust agreement; decreeing that the title to the real estate involved was vested in fee simple in Henry Scherer, the surviving trustee, in trust for the persons and in the proportions mentioned in the decree; settling the account between the parties; adjusting the liens upon various interests in favor of the several parties and ordering a partition of the premises. The petition was not introduced in evidence, the abstract which was introduced stating that it was not found in the files. The decree indicates a proceeding of the subject matter of which the court had jurisdiction and it shows jurisdiction of the parties. There is nothing in the record to contradict the presumption of jurisdiction, and the decree, however erroneous, is color of title even though all persons were not parties to it who should have been.

It is also urged that Peters did not acquire his color of title in good faith; that, being an assignee under the trust agreement, he was bound to know that the interest of Odell went to his administrator, and that he could not acquire title in good faith under the decree, knowing that it was obtained without notice to Odell's administrator. Knowledge of adverse claims or defects in the title is not inconsistent with good faith. "There is good faith where there is no fraud and the color of title is not acquired in bad faith. (*McConnel v. Street,* 17 Ill. 253; *Stubblefield v. Borders,* 92 id. 279.) Good faith in the acquirement of title, within the meaning of the statute, does not require ignorance of adverse claims or defects in the title. Notice, actual or constructive, is of no consequence. (*Chickering v. Failes,* 26 Ill. 507; *Dickenson v. Breeden,* 30 id. 279; *McCagg v. Heacock,* 34 id. 476; *Coleman v. Billings,* 89 id. 183; *Piatt County v. Goodell,* 97 id. 84.) There may be good faith notwithstanding actual notice of existing claims or liens, or knowledge of legal defects which prevent the title, of which there is color, from being absolute. *McCagg v. Heacock, supra; Brian v. Melton,* 125 Ill. 647." (*Coward v. Coward,* 148 Ill. 268; *Keppel v. Dreier,* 187 id. 298; *Dawson v. Edwards,* 189 id. 60; *Richards v. Carter,* 201 id. 165.) There is no evidence of bad faith or fraud on the part of Peters. He knew that Odell had been a party to the trust agreement and had had an interest by reason of that fact. Odell's only heir and his widow were parties to the suit. The decree purported to vest the whole title in Peters. He was guilty of no fraud in procuring it and believed it gave him the title, and this was good faith.

The appellant relies upon the case of *Dean v. Long,* 122 Ill. 447. It was there said that one purchasing with knowledge that his grantor held the title in trust could take only subject to the trust. The purchase of Peters, here, was not from a trustee, but from one of those for whose benefit the trust was created. The decree making

partition, if it did not vest a perfect title was at least color of title. Even though Odell's administrator or a part of the tenants in common may not have been made parties, and though they may not, in fact, have been bound by the decree, yet the decree approving the partition purported to vest the title and constituted claim and color of title made in good faith, no fraud or bad faith being shown. *Hassett* v. *Ridgely, supra.*

It is insisted that it was erroneous for the court to order the title of different parties to separate lots registered in a single proceeding. This would ordinarily be a valid objection but under the circumstances we do not regard it so in this case. After the original decree, Peters, the petitioner, conveyed some of the lots to Barrows. The title to all the lots could not, therefore, be registered in Peters and an amendment to the application was necessary. The law provides that such amendment shall be by a supplemental statement in writing. There was but a single matter for investigation,—but one controversy among the parties already in court in a single proceeding. The splitting up of the proceeding and docketing two causes instead of one was unnecessary and would have been useless. If the appellant had made application to register his title the appellees would have been properly joined as defendants. The court having acquired jurisdiction of the subject matter, we see no reason why it should not proceed to a final determination of the whole controversy in one proceeding, whatever might be the changes in the title pending the proceeding.

Objection is made to the taxation of $8.45 for taking testimony and $25 for the services of the registrar, against the appellant. The fees were properly allowed. The statute authorizes the court to direct the payment of such fees by the applicant or any defendant, as it may determine. (Hurd's Stat. 1909, sec. 108, p. 547.) No judgment, however, should have been rendered or execution awarded in favor of the registrar.

254— 5

The decree will be modified by striking out these words at the end of it: "And that the said registrar of titles have and recover of the said A. G. Dicus the said sum of $33.40 and the said registrar of titles have execution therefor." So modified the decree is affirmed.

*Decree modified and affirmed.*