Virgil L. Rosenberger, Appellant, v. The Lincoln National Life Insurance Company et al., Appellees.

Gen. No. 8,907.

Opinion filed October 10, 1935.

GUY L. SMITH, of Pana, and OSCAR J. PUTTING, of Springfield, for appellant.

WEBBER & WEBBER, of Decatur, R. F. BAIRD and CLYDE J. COVER, both of Ft. Wayne, Indiana, for appellee Lincoln Nat. Life Ins. Co.

JOHN J. BAKER, of Shelbyville, for certain other appellees.

Mr. Justice Allaben delivered the opinion of the court.

On October 1, 1917, the Merchants Life Insurance Company of Des Moines, Iowa, issued a policy of life insurance on the life of Dan J. Rosenberger, for $4,000, and on July 10, 1919, issued another for $12,000. Dan J. Rosenberger died on September 12, 1927. The original beneficiary of both policies was Effie B. Rosenberger. On August 11, 1927, the insured had the beneficiary changed to Virgil L. Rosenberger, a minor son. During his lifetime the insured made certain loans on the policy, so that upon his death there was due $14,791.98. Proper proof of death was made, and the minor son, Virgil L. Rosenberger, claimed the proceeds of the policies. The Ayars State Bank, Essie Adams, Ralph Ayars, and M. S. Ayars claimed an interest in the proceeds of these two policies, and protested the payment to Virgil. Because of these conflicting claims, on November 1, 1927, the Merchants Life Insurance Company of Des Moines, Iowa, filed its bill of interpleader, making Effie B. Rosenberger, individually, and as guardian of Virgil L. Rosenberger, a minor, Ayars State Bank, Essie Adams, Ralph Ayars, M. S. Ayars and Virgil L. Rosenberger, a minor, parties defendant. The above facts were set out in the bill, and there was a prayer that a guardian *ad litem* be appointed for Virgil L. Rosenberger, a minor, and that the defendants interplead, and that the complainant be decreed to pay said sum into court, subject to the order of the court, and that it be discharged. Ayars State Bank, Essie Adams, Ralph Ayars, and M. S. Ayars answered the bill, alleging that they claimed an interest in the proceeds of the policies on account of an oral agreement by the deceased during his lifetime with the consent of Effie B. Rosenberger to assign the policies to the defendant; alleging that the deceased was mentally incompetent to make the change of bene-

ficiary, and praying that the change of beneficiary be canceled, and that they be decreed to be the legal holders of the policies, or, in the alternative, that Effie B. Rosenberger be declared to be the beneficiary, subject to the equitable rights of the defendant to a lien upon the proceeds.

Effie B. Rosenberger filed separate answer admitting many allegations of the bill, including the allegations concerning the change of beneficiary; that she had become liable with her husband for a large amount of money, and prayed that the court determine the rights of the parties to the proceeds of the insurance policies, and that if she be declared to be the rightful beneficiary that the court direct such application of the proceeds as would be just and equitable. Effie B. Rosenberger filed her answer as guardian of Virgil L. Rosenberger stating that she was the guardian of Virgil at the time the bill was filed, but had since resigned and her resignation had been accepted by the county court, and she had been discharged. The court appointed George B. Rhoads guardian *ad litem* for Virgil L. Rosenberger, who filed a short form answer concluding with a claim on behalf of the minor of the money as his own property and right. On December 19, 1927, an interlocutory decree was entered which found that the court had jurisdiction of the parties and subject matter, and ordered the insurance company to pay the sum of $14,791.48 to the clerk of the court, and upon so doing be discharged from further liability under said policies.

On December 22, 1927, a further decree was entered, as follows:

"And now, this cause coming on to be heard upon the order of the court directing the several defendants to interplead, and the defendant, Effie B. Rosenberger having filed her claim to the proceeds of said policies of insurance, and the defendants, Ayars State Bank,

a corporation, Essie Adams, Ralph Ayars and M. S. Ayars, having filed their answers, claiming the proceeds of said policies of insurance; and the defendant, Virgil L. Rosenberger, a minor, having answered by George B. Rhoads, Esq., his guardian ad litem; and the cause coming on to be heard upon the several claims of the respective parties before the Hon. Wm. B. Wright, presiding judge of said court:

"And it appearing to the court here, from the writs issued herein to the sheriff of Shelby county, Illinois, and the returns thereon, that all of the defendants have been regularly served with process herein more than ten days prior to the first day of the present term of this court;

"The court finds that it has jurisdiction of the subject matter, and of all the parties to said proceedings, and hereby confirms the interlocutory decree heretofore entered in said cause;

"And thereupon, this cause coming on for a final hearing upon the separate answer of Effie B. Rosenberger, who appeared by S. S. Clapper, her solicitor, and the joint and several answer of Ayars State Bank, a corporation, Essie Adams, Ralph Ayars and M. S. Ayars, who appeared by Leslie J. Taylor, Ralph W. Adams, and J. J. Baker, their solicitors, and the answer of Virgil L. Rosenberger, a minor, who appeared by George B. Rhoads, his guardian ad litem, and the testimony of the witnesses heard in open court; and, the court, being fully advised in the premises, doth find:

"That, on or about October 1, A. D., 1917, Merchants Life Insurance Company, a corporation of Des Moines, Iowa, issued its policy of insurance, No. 72042, for Four Thousand Dollars ($4,000.00), on the life of Dan J. Rosenberger; and, thereafter, on July 10, A. D., 1919, issued its policy of insurance, No. 78347, for Twelve Thousand Dollars ($12,000.00), on the life of the said Dan J. Rosenberger; and that, during his life-

time, the said Dan J. Rosenberger borrowed the sum of Five Hundred Sixty-Two Dollars ($562.00) on said first mentioned policy, and the sum of Seven Hundred Thirty-Two Dollars ($732.00) on said last mentioned policy.

"That the said Dan J. Rosenberger died on the 12th day of September, A. D. 1927, and that, by the terms of said policies of insurance, there was due, under policy No. 72042, the net sum of Three Thousand, Four Hundred Thirty-Eight and 84/100 Dollars ($3,438.84); and that there was due, under policy No. 78347, the net sum of Eleven Thousand, Three Hundred Three and 14/100 Dollars ($11,303.14), which the court heretofore directed should be paid to the clerk of this court, pending the final order and decree in this cause.

"The court further finds, from the evidence of five witnesses heard in open court, that the said Dan J. Rosenberger, in the fall of 1926, became seized with a fatal illness. That said disease progressed with increased severity, and that, due to said disease, the said Dan J. Rosenberger became greatly weakened in body and mind; and that for more than three months, prior to his death on the 12th day of September, A. D. 1927, the said Dan J. Rosenberger had become so diseased, both physically and mentally, that he was incompetent to transact business affairs, and was mentally incapable of knowing and understanding the nature and character of his business affairs.

"The court further finds, that, on or about the 11th day of August, A. D., 1927, the said Dan J. Rosenberger attempted to change the beneficiary on said policies of insurance from his wife, Effie B. Rosenberger, to a minor son, Virgil L. Rosenberger, one of the defendants in this cause, and that the complainant, without knowledge of the incompetency of the said Dan J. Rosenberger, consented to said transfer, and noted the same on its records and upon said policies.

"The court further finds, from the evidence, that the said Dan J. Rosenberger, left surviving him his widow, Effie B. Rosenberger; Virgil L. Rosenberger, defendant and two other younger children, his only heirs at law; that all three of said children were issue of said marriage between the said Dan J. Rosenberger and Effie B. Rosenberger; that the entire family lived together in harmony, and that there was, in fact, no reason for preferring the said Virgil L. Rosenberger over the wife and other children, in the attempted change of beneficiary of said policies of insurance. The said Virgil L. Rosenberger being the only one of said children, at that time, capable of self support.

"That said change of beneficiary was without consideration and was attempted to be made by the said Dan J. Rosenberger as a result of his diseased mental condition, and that said change would not have been attempted by the said Dan J. Rosenberger had he been of sound mind and memory, and capable of transacting his business with knowledge and understanding.

"The court further finds that the said Effie B. Rosenberger had joined with Dan J. Rosenberger in the execution of numerous notes, representing obligations of the said Dan J. Rosenberger, and that she had joined in mortgages of the real estate owned by the said Dan J. Rosenberger, and had, likewise, mortgaged her interests in land which she inherited from her father; and that said policies of insurance were secured by the said Dan J. Rosenberger and Effie B. Rosenberger for the purpose of protecting the estate of the said Dan J. Rosenberger, and the said Effie B. Rosenberger and the various creditors, in the event that the said Dan J. Rosenberger should depart this life prior to the payment of said obligations.

"The court further finds that the defendants, Ayars State Bank, Essie Adams, M. S. Ayars, and Ralph Ayars, are creditors of the said Dan J. Rosenberger

and Effie B. Rosenberger, for the various amounts set forth in said answer, and that Effie B. Rosenberger is jointly liable with the said Dan J. Rosenberger for the payment of said obligations, and, likewise, other obligations evidenced by notes and mortgages; and that it was understood and agreed by and between the said Dan J. Rosenberger, Effie B. Rosenberger, the Ayars State Bank, Essie Adams, M. S. Ayars and Ralph Ayars, that said policies of insurance should be made payable to the said Effie B. Rosenberger, who should hold the same and the proceeds thereof, in the event of the death of Dan J. Rosenberger, for the protection of herself and the payment of the joint obligations of the said Dan J. Rosenberger and Effie B. Rosenberger.

"The court further finds that the verbal undertaking of the said Dan J. Rosenberger to assign said policies to the said creditors is without legal force and effect, and the prayer of the Ayars State Bank, Essie Adams, M. S. Ayars and Ralph Ayars, to have them declared the equitable owners of said policies of insurance and the net proceeds arising therefrom, is denied.

"The court further finds, from the evidence, heard in open court, that the change of beneficiary of said policies of insurance from Effie B. Rosenberger to Virgil L. Rosenberger was without consideration, made at a time when the said Dan J. Rosenberger was incapable of knowingly and understandingly transacting such business, and such change of beneficiary was in violation of the rights of Effie B. Rosenberger and is null and void and of no effect and the said Effie B. Rosenberger is entitled to the proceeds of said policies of insurance, and each of them.

"It is, therefore, ordered, adjudged and decreed by the court, that Virgil L. Rosenberger shall take no part or portion of the proceeds of the policy of insurance No. 72042, issued by the Merchants Life Insurance

Company, of Des Moines, Iowa, on the life of Dan J. Rosenberger, and shall take no part or portion of the proceeds of the policy of insurance, No. 78347, issued by the Merchants Life Insurance Company, of Des Moines, Iowa, on the life of Dan J. Rosenberger; and that the attempted change of beneficiary be, and the same is, hereby declared null, void and of no effect.

"It is further ordered, adjudged and decreed by the court that the clerk of this court be, and he is, hereby directed to pay the proceeds of policy No. 72042, in the sum of Three Thousand, Four Hundred Thirty-Eight and 84/100 Dollars ($3,438.84), and the proceeds of policy No. 78347, in the sum of Eleven Thousand, Three Hundred Three and 14/100 Dollars ($11,303.14) to Effie B. Rosenberger, claimant herein, or to S. S. Clapper, of Moweaqua, Illinois, her solicitor in this proceeding, taking a receipt for said monies. Said receipt being in full discharge of further liability of said clerk of said court.

"It is further ordered, adjudged and decreed that the said claimants, Ayars State Bank, a corporation, Essie Adams, Ralph Ayars and M. S. Ayars, take no part or portion of the proceeds of said policies of insurance, and that they pay the costs of this proceedings within twenty (20) days from the entering of this decree; failing such payment that execution issue therefor.

"It is further ordered, adjudged and decreed by the court that the payment of the monies heretofore ordered to be paid by the Merchants Life Insurance Company of Des Moines, Iowa, complainant, to the clerk of this court, shall be a full, complete, settlement, satisfaction and discharge of said Merchants Life Insurance Company from any further liability under said policies of insurance to any person, persons, firm or corporation."

On August 5, 1931, Virgil L. Rosenberger, the minor referred to in the above decree, having become of age,

filed a petition asking leave of the circuit court of Shelby county to file a bill of review, on the same date leave was granted to file a bill of review, and a bill of review was filed. This bill set forth all of the facts heretofore set forth, all of the pleadings in the bill of interpleader, and the decree above set out; also all of the process and the sheriff's return thereon. The return of the sheriff as to the service of process on Effie B. Rosenberger, Effie B. Rosenberger, guardian of Virgil L. Rosenberger, a minor, Essie Adams, Ralph Ayars and M. S. Ayars, and as to Virgil L. Rosenberger, is as follows:

"State of Illinois,
Shelby County—ss.

"I have duly served the within by reading the same to the within named, Effie B. Rosenberger, Effie B. Rosenberger, guardian of Virgil L. Rosenberger, a minor, Essie Adams, Ralph Ayars and M. S. Ayars, and at the same time delivering to each of them a true copy thereof, this 2nd day of November, 1927.

Wm. T. Biggs, Sheriff."

"I duly served the within upon the within named Virgil L. Rosenberger by leaving a true copy thereof for him at his usual place of abode, with Effie Rosenberger, a person of the age of 10 years and upwards and a member of the family of the within named Virgil L. Rosenberger, and at the same time making known to her the contents thereof, this 2nd day of November 1927, as I am therein commanded. All other defendants herein not found in my county.

Wm. T. Biggs, Sheriff.
By A. D. Herten, Deputy."

This bill further charged that Effie B. Rosenberger and Effie Rosenberger were one and the same person; that the interests of Effie B. Rosenberger in the result of the bill of interpleader were diametrically opposed to the rights and interests of Virgil L. Rosenberger because the issue involved in said bill of interpleader

was whether the proceeds of the insurance policies should go to Effie B. Rosenberger and her creditors, or to Virgil L. Rosenberger; that at the time of the service of summons on Virgil L. Rosenberger as recited by the sheriff he was of the age of 19 years; that he did not become 21 years of age until the 6th day of August, 1929; that at the time of the hearing of the bill of interpleader he was unadvised, entirely ignorant and uninformed of the proceedings, and of his rights; that he never advised with the guardian *ad litem* appointed by the court to represent him; that he was only recently advised of his rights, and of the further fact that no proper service was ever had upon him; that because the interests of Effie B. Rosenberger were opposed and contrary to his rights and interests that service could not be had upon him by leaving a copy of the summons for him with Effie Rosenberger, although she was a person of the age of 10 years and upwards, and a member of the family, and left at his usual place of abode, and Effie Rosenberger was made acquainted with the contents of the summons; and that therefore the decree was null and void. The bill of review then sets out that after the entry of the decree the money was paid by the insurance company to S. S. Clapper, solicitor for Effie B. Rosenberger who distributed the money to the other defendants named in various amounts in discharge of certain obligations. It further set out the policies heretofore mentioned and change of beneficiary; that no pecuniary consideration was necessary for such change, and that Dan J. Rosenberger was at the time of the making of the change of full and legal competency; and prayed that Ayars State Bank, Essie Adams, Ralph Ayars and M. S. Ayars, and Effie B. Rosenberger refund all money received from the Merchants Life Insurance Company, and upon the failure of said parties to refund, the Merchants Life Insurance Company of Des Moines, Iowa,

or the Lincoln National Life Insurance Company of Fort Wayne, be ordered to pay the indebtedness due him as beneficiary under said life insurance policies. The bill further set up that since the entry of the decree in the bill of interpleader the Merchants Life Insurance Company had been merged in and absorbed by the Lincoln National Life Insurance Company, whereby the latter acquired all the rights, interests, liabilities and obligations of the former.

Service was had on all of the defendants. All defendants filed joint and several demurrers, all of which demurrers were overruled. Whereupon all defendants filed answers. The answer and amended answer of the Lincoln Life Insurance Company admitted the fact of the filing of the bill of interpleader, and the answers thereto, and the decree entered, denied that the decree was erroneous, and ought to be reversed and set aside, averred that it was never a party to the said suit, and that it purchased for value certain assets and property of the Merchants Life Insurance Company in good faith; that Effie B. Rosenberger and Effie Rosenberger were not one and the same person; denied that the interest of Effie B. Rosenberger was diametrically opposed to the rights of Virgil L. Rosenberger; averred that the record shows that the service on Virgil L. Rosenberger was proper; denied that Virgil L. Rosenberger became of age on the 6th day of August, 1929, but averred that he became of age on the 5th day of August, 1929. The answer further set up other matters of defense which, in the view of this court, for the purposes of this opinion it is not necessary to set out.

The joint and several answer of all of the other defendants admitted the filing of the bill of interpleader, the various answers filed, and the interlocutory order, and the decree; denied that the decree was erroneous, or that the same ought to be reviewed, reversed or set aside for any apparent errors and imperfections; de-

nied that Effie B. Rosenberger and Effie Rosenberger were one and the same person; denied that Effie B. Rosenberger had interests in the result of the chancery proceeding diametrically opposed to the rights and interests of Virgil L. Rosenberger; averred that Virgil L. Rosenberger was regularly served with process, and averred that by the final decree all of these defendants were denied any relief; denied that Virgil L. Rosenberger became 21 years of age on August 6, 1929, but averred that he became 21 years of age on August 5, 1929; denied that no proper service was ever had upon Virgil L. Rosenberger, and denied that the court did not at the time of the rendering of its decree have jurisdiction of the said Virgil L. Rosenberger; denied that no order or decree should have been entered until different or further service should have been had upon said Virgil L. Rosenberger. Their answers then set up other matters of defense which, in the view of this court, for the purposes of this opinion, it is not necessary to set out.

Replications were filed as to all answers, and hearing was had, at which time all the records in the interpleader proceeding were identified and admitted in evidence. Considerable testimony was taken. Proper objection was made to the admissibility of this evidence and proper motions to strike the testimony were made after the testimony was given. The testimony was admitted by the court subject to objection. We will not set out this testimony because it is the view of this court, for the purposes of this opinion, that it is unnecessary.

On June 20, 1934, the court entered the decree on the bill of review, finding that it had jurisdiction of all the parties and of the subject matter, the defendant, Effie B. Rosenberger, having been defaulted, and further finding that the complainant had not maintained the allegations in his bill of complaint, and finding the issues for the defendants, and against the complain-

ant, and that the equities were with the defendants, and that the bill of complaint should be dismissed for want of equity, ordering that the bill of complaint be dismissed for want of equity and taxing the costs against the complainant. It is from this decree that the complainant has prosecuted this appeal, assigning the following reasons for reversal: First, that the court erred in holding that it had jurisdiction of the person of Virgil L. Rosenberger, in the original suit sought to be reviewed; second, that the court errone- ously held that the service of summons on Virgil L. Rosenberger, by leaving a copy with Effie Rosenberger, a member of the family, was valid; third, that by find- ing in the decree that the court had jurisdiction in the original proceeding was tantamount to holding that there was no conflicting interest between Effie Rosen- berger and Virgil L. Rosenberger, when in fact their interests were diametrically opposed; fourth, that the court erroneously held that a suit for review and other relief to set aside the decree in the interpleader suit could not be sought at any time where third parties' interests did not intervene; fifth, that the court erro- neously held that Dan J. Rosenberger was incompetent to transact business on August 11 and 12, 1927, when he changed the beneficiary of the insurance policies in litigation from his wife to his son; sixth, that the court erroneously held that such change of beneficiary was invalid; seventh, that the court erred in failing to hold that appellant was not estopped to bring this suit; that he did not subsequently ratify the change of beneficiary, and the disposition of the moneys involved, and that he was not guilty of laches; eighth, that the court erroneously found that the appellant's birthday was August 5, 1908, and that the statute of limitations was a bar to his right to bring this suit; ninth, that the court erroneously failed to hold that the bill filed was a bill of review, and for other relief; and tenth, that the decree was against the law and the evidence.

While all of the above errors were cited as cause for reversal, the only one that it is claimed appears upon the face of the proceeding is the question of the lack of jurisdiction of the court over the person of a minor upon whom service was obtained by substitution. The question of whether or not the bill filed in this case called a bill of review strictly conforms to the requirements of such a bill is important as to substance only, and not as to form. Decisive of this point we think is the language used in the case of *Harrigan v. Peoria County,* 262 Ill. 36, where our learned Supreme Court said: ''Some discussion is found in the briefs as to whether this is a bill of review or a bill in the nature of a bill of review. As the same principles are generally applicable in this country to all varieties of this species of bills . . . it is unnecessary to discuss this point.''

The principal question with which we are concerned, therefore, is whether the court obtained jurisdiction of the minor, Virgil L. Rosenberger. In answering this question we must be confined strictly to what appears on the face of the record in the original proceeding, and the presumptions permissible therefrom. The sheriff's return upon the summons in the interpleader suit stated that a copy of the summons was left with Effie Rosenberger, a member of Virgil L. Rosenberger's family, etc. It is claimed that Effie Rosenberger and Effie B. Rosenberger are the same person. We point out in this connection that the name ''Effie B. Rosenberger'' who has been clearly identified as Virgil L. Rosenberger's mother, appears approximately 70 times in the record, whereas the name ''Effie Rosenberger'' appears only in one instance, and that is upon the sheriff's return.

It is contended by appellant that the name ''Effie Rosenberger'' as used in the summons and ''Effie B. Rosenberger'' as used elsewhere in the record, obviously, from the face of the record, refer to the same

person. This contention is based upon the rule that the middle name or initial constitutes no part of the name, and also on the finding of the court that the family consisted of Effie B. Rosenberger, Virgil L. Rosenberger, the appellant, and two other minor children. In support of the first contention relative to middle names or initials appellee cites the case of *Humphrey v. Phillips,* 57 Ill. 132, which case held that the omission of a middle initial in the name of a plaintiff in filing a plea of abatement in a suit was of no importance. Obviously this is not the case at bar because the identity of the persons in the cited case could easily be established by other parts of the pleadings. In the instant case the sole question is that of identity. In practically all of the cases cited there appears to be no question of identity involved, so that the mere fact that a person is named ''A. C.'' in one instance and ''A. B. C.'' in another, does not mislead anyone as to whom the reference is made, but where the question of identity is involved the general rule which is urged that the middle initial is no part of the name obviously does not apply, and the middle initial or name, or any other characteristic about the name may become very important for the purpose of establishing identity. It is further contended, and we think rightfully so, that the cases cited by appellant in support of the general rule are all instances where the jurisdiction of the court was attempted to be upheld, and not where the application of the rule would destroy it. In any event, it is a mere presumption, and not evidence. The court in its decree found from the writs that it had jurisdiction of the parties. Every presumption favors that finding. (*People v. Culver,* 281 Ill. 401; *Denk v. Fiel,* 249 Ill. 424; *Harrow v. Grogan,* 219 Ill. 288; *Waterbury Nat. Bank v. Reed,* 231 Ill. 246; *Peters v. Dicus,* 254 Ill. 379; *Dickinson v. Belden,* 268 Ill. 105; *Bannon v. People,* 1 Ill. App. 496.) The court appointed a guardian *ad litem* for the minor. This also

raises the presumption the court had jurisdiction. (*Horn v. Horn*, 234 Ill. 268.) In the light of these presumptions, so that it can be positively said that there is affirmative evidence from the record that Effie Rosenberger and Effie B. Rosenberger are the same person appellant tries to supply this fact by the finding of the court in the decree that:

"The court further finds, from the evidence, that the said Dan J. Rosenberger, left surviving him his widow, Effie B. Rosenberger, Virgil L. Rosenberger, defendant and two other younger children, his only heirs at law; that all three of said children were issue of said marriage between the said Dan J. Rosenberger and Effie B. Rosenberger; that the entire family lived together in harmony," claiming that thereby the court found that there was no Effie Rosenberger, a member of the family, at the time of the substituted service on Virgil L. Rosenberger, except Effie B. Rosenberger, his widow. It is to be noted that the court did not find the name, age, or sex, of either of the "two other younger children," except that they were younger than Virgil L. Rosenberger, who the court found to be a minor. Such finding does not exclude the idea that there may have been a female named Effie Rosenberger over 10 years of age, and a member of the family in which Virgil L. Rosenberger resided on whom service might have been had. Appellant cites the case of *Sharp v. Sharp*, 333 Ill. 267, and relies on that case that the finding of the court that certain parties were members of the family excludes all others. In that we agree, but the finding of the court in the *Sharp* case was: "That the said Henry Sharp and Larkin Sharp are the only children or descendants of children which the said Virgil Sharp now has or had at the time of the executing of the instrument above set forth, and that said Virgil Sharp is married and now lives upon said premises with his wife and the two infant defendants

above named, who are the children of the wife of said Virgil Sharp.''

The contention there was that service might have been had by leaving the summons with a Virgil Sharp other than the father. This, of course, was directly negatived by the finding above set out, wherein all the members of the family are named, whereas the finding in the instant case, as previously mentioned, the name, age and sex of each of the ''two other younger children'' was not found by the decree, other than that they were younger than Virgil who was a minor. We deem the latter finding not such affirmative evidence as will nullify the presumptions raised by the finding of the court that it had jurisdiction of the parties, and the fact that a guardian *ad litem* was appointed.

The trial court in his written opinion found that the record did not show that Effie Rosenberger who received the summons in this case for Virgil Rosenberger was the Effie B. Rosenberger the mother of Virgil, or the same person as Effie B. Rosenberger. We are in accord with the finding of the trial court on that issue. The complainant having failed to establish by the record that he was not properly served in the original case he could not maintain this present proceeding. The decree entered in this case found that the complainant had not maintained the allegations in his bill and that the bill of complaint should be dismissed for want of equity, at the cost of complainant, and then ordered the bill of complaint dismissed for want of equity, at complainant's cost. Numerous other errors relied upon for reversal were set out by the appellant, but same will not be considered for the reason that the complainant failed to establish from the record that he was not properly served and that the court in the original proceeding had no jurisdiction over him, which disposes of this appeal. The decree of the trial court is hereby affirmed.

*Decree affirmed.*